**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jay C. BRASSELL, Defendant–Appellant.**

No. 94–2618.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 14, 1994.

Decided Feb. 21, 1995.*

---

\* This opinion was originally issued on February 15, 1995. The printer omitted material on page 5 even though that material appeared on the page proofs submitted to the court. Accordingly, this corrected copy is now issued.

Jon E. DeGuilio (argued), Andrew B. Baker, Jr., Asst. U.S. Atty., Office of the U.S. Atty., Dyer, IN, for plaintiff-appellee.

Gregory D. Ball (argued), South Bend, IN, for defendant-appellant.

Before COFFEY, RIPPLE, and KANNE, Circuit Judges.

RIPPLE, Circuit Judge.

Jay C. Brassell pleaded guilty to a single count of conspiracy to defraud the United States by filing fraudulent income tax returns, in violation of 18 U.S.C. § 286. At the time of sentencing, Mr. Brassell was serving a state prison sentence imposed for crimes unrelated to the tax conspiracy. The district court sentenced Mr. Brassell to 37 months of imprisonment to run consecutively to the state prison sentence currently being served. For the reasons that follow, we vacate Mr. Brassell's sentence and remand for resentencing.

## I. Background

In 1991, Mr. Brassell was convicted in Indiana state court of two separate charges of theft and was sentenced to probation.

While on probation in 1992, Mr. Brassell committed the state crimes of burglary and forgery, and committed the federal crime of tax conspiracy. Mr. Brassell organized and executed the tax conspiracy in the following manner. First, Mr. Brassell created false W–2 forms and fabricated the names of fictitious employers. Then, he recruited individuals to pose as employees of the fictitious employers who filed the W–2 forms and claimed they were owed a tax refund. The recruited individuals would then apply for a refund anticipation loan with a commercial tax preparer, and split the proceeds with Mr. Brassell. The scheme claimed false refunds of $40,286.00 and Mr. Brassell's personal gain was approximately $10,792.50.

After committing the tax conspiracy, Mr. Brassell was arrested and convicted in state court for the crimes of burglary and forgery. At sentencing, the state court revoked Mr. Brassell's probation, which he was serving for the 1991 theft convictions, and imposed four separate prison sentences. For the first theft conviction, pursuant to Mr. Brassell's probation revocation, Mr. Brassell received two-and-one-half years of imprisonment. For the second theft conviction, also pursuant to Mr. Brassell's probation revocation, Mr. Brassell received one-and-one-half years of imprisonment, to run consecutively to the two-and-one-half years. For the burglary and forgery convictions, Mr. Brassell received four years for each, to run concurrently to each other, but consecutively to the theft sentences imposed after Mr. Brassell's probation was revoked. Subsequently, while in state custody, Mr. Brassell was indicted and pleaded guilty to tax conspiracy in federal court. It is the sentence for this conviction that is before us today. Mr. Brassell was still serving a sentence in state prison when he was sentenced by the district court for the tax conspiracy. However, the theft sentences had run, and Mr. Brassell was then serving the four-year concurrent sentences for burglary and forgery.

The Presentence Investigation Report ("PSR") calculated an offense level of 14 for the tax conspiracy and a criminal history category of VI, yielding a range of 37–46 months of imprisonment, but made no recommendation as to whether the sentence should run consecutively or concurrently to the state sentences. The district court sentenced Mr. Brassell to 37 months of imprisonment to run consecutively to the state forgery sentence. The district court provided the following reasons:

> The court ... believes that the sentence should be consecutive to his state sentences. The state time Mr. Brassell has been serving has nothing to do with this tax conspiracy, and would have been served regardless of whether he committed his federal crime; hence the court is not required to impose concurrent sentences. See U.S.S.G. § 5G1.3(b) (1992). The court does not believe that his federal sentence should be effectively reduced by virtue of Mr. Brassell's state time for the crimes on which he was on probation when he committed his federal crime. Consecutive sentencing is necessary to achieve a reasonable incremental punishment for the tax conspiracy. U.S.S.G. 5G1.3(c) (1992).

> .     .     .     .     .

> Accordingly, pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that the defendant, Jay C. Brassell, is hereby committed to the Bureau of Prisons to be imprisoned for 37 months. The sentence shall be served consecutively to the Indiana sentence in Indiana cause number 71–DO8–9205–CF–00517, a sentence the defendant is presently serving.

Sentencing Memorandum at 3–4. Mr. Brassell made no objection at sentencing. On appeal, Mr. Brassell argues that the district court should have imposed the federal prison sentence to run concurrently to the state prison sentences.[1]

---

1. Mr. Brassell also argues that the federal sentence cannot be imposed consecutively to the forgery sentence because Mr. Brassell committed the forgery after he committed the federal tax conspiracy, and thus the forgery sentence is not "prior" under § 5G1.3(c). However, "prior" in

§ 5G1.3 refers to the chronological order of the sentences, not the order that the crimes were committed. The commentary explains that "[t]his guideline provides direction to the court when a term of imprisonment is imposed on a defendant who is already subject to an undis-

## II. *Analysis*

Because Mr. Brassell made no objection at the time of sentencing, review is limited to the standard of plain error. *United States v. Korando,* 29 F.3d 1114, 1120 (7th Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 496, 130 L.Ed.2d 406 (1994). Plain error must be clear, prejudicial, and affecting substantial rights. *See United States v. Olano,* — U.S. ——, ——–——, 113 S.Ct. 1770, 1777–78, 123 L.Ed.2d 508 (1993). Because of certain unresolved questions, the resolution of which may have a substantial impact on Mr. Brassell's sentence, we remand for re-sentencing. First, on the record before us, it is unclear why the district court used the 1992 version of the Guidelines, when Mr. Brassell was sentenced in 1994. Second, it appears that the district court did not apply the methodology of § 5G1.3 Application Note 3 before deciding to make Mr. Brassell's federal sentence consecutive to his state sentence. Third, it appears, on the record before us, that the state sentences for theft, which had expired by the time of federal sentencing, nevertheless influenced the district court's decision to impose a consecutive sentence for tax conspiracy. In the following sections, we shall set forth the considerations that, on the record before us, should have controlled the sentencing process.

### A. *Use of the 1992 Version of the Guidelines*

As a threshold matter, we must ask the district court to clarify its decision to employ the 1992 version of the Guidelines.

Mr. Brassell was sentenced in 1994. The district court used the 1992 version of the Guidelines, instead of the 1993 version that was in effect in 1994. Section 1B1.11(a) directs that "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." However, "[i]f the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause ...," the court shall use the Guidelines Manual in effect on the date that

the offense of conviction was committed." U.S.S.G. § 1B1.11(b)(1).

Mr. Brassell committed the tax conspiracy in February 1992, when the 1991 version of the Guidelines was in effect. Thus, although Mr. Brassell was sentenced in 1994 (1993 Guidelines in effect), and committed the crime in 1992 (1991 Guidelines in effect), the district court used the 1992 version of the Guidelines. The district court acknowledges this use in its sentencing memorandum, but provides no further explanation. We are unsure why the 1992 version of the Guidelines was used in this case. It is unclear what effect, if any, the use of the 1992 Guidelines had on Mr. Brassell's sentence.

### B. *Methodology of Section 5G1.3 Application Note 3*

At the time Mr. Brassell was sentenced for the federal crime of tax conspiracy, he was serving two concurrent four-year sentences for burglary and forgery. Section 5G1.3 provides for "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment." Neither § 5G1.3(a) nor (b) applies to Mr. Brassell's situation. This leaves § 5G1.3(c):

> (c) (Policy Statement) In any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense.

U.S.S.G. § 5G1.3(c), p.s. Application Note 3 provides the methodology for computing the appropriate sentence:

> ... To the extent practicable, the court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which

charged term of imprisonment." U.S.S.G. § 5G1.3, comment. (backg'd.). Thus, because Mr. Brassell was serving the state sentences for

forgery and burglary at the time of federal sentencing, those sentences are properly considered a "prior undischarged term of imprisonment."

sentences were being imposed at the same time.

U.S.S.G. § 5G1.3, comment. (n. 3).

■ At the time of federal sentencing, Mr. Brassell was serving undischarged terms of imprisonment for forgery and burglary. Thus, the Guidelines contemplate that the district court approximate the total sentence that would have been imposed had the burglary and forgery convictions been federal convictions, and were being sentenced at the same time as the tax conspiracy conviction.

■ If the burglary and forgery convictions had been federal convictions and sentenced simultaneously to the tax conspiracy conviction, sentence would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction). This section provides that "the combined length of the sentences ('total punishment') is determined by the adjusted combined offense level." § 5G1.2, comment.

■ The adjusted combined offense level is determined under § 3D1.1. First, the multiple convictions to be sentenced must be grouped. In Mr. Brassell's case, because each conviction concerned unrelated events, there would be three groups: burglary, forgery, and tax conspiracy. Second, the base offense level for each group must be calculated. At this point, the methodology becomes difficult because little is known about the state crimes of burglary and forgery. The offense level varies depending upon whether Mr. Brassell burglarized a residence or some other building, and depending upon the extent of the monetary loss from the forgery. Nevertheless, using the base level for the two crimes, the offense levels can be calculated for each group.

The base level for federal burglary of a non-residence is 12 points (§ 2B2.2). The base level for federal forgery is 6 points (§ 2F1.1). The offense level for the tax conspiracy was calculated to be 14 points (§ 2F1.1).

■ For these three groups the combined offense level under § 3D1.4 would be 17 points. This number, combined with Mr. Brassell's criminal history category of VI,

provides a Guidelines range of 51 to 63 months of imprisonment. This range would be the minimum total punishment for the three crimes of burglary, forgery, and tax conspiracy, if they were all federal convictions and all sentenced at the same time.

■ If the convictions for burglary, forgery, and tax conspiracy were in fact being sentenced simultaneously, then § 5G1.2 directs the district court to impose a sentence for each conviction. The court should structure the sentences to run either concurrently or consecutively in order to achieve a total sentence that falls within the calculated range of total punishment for the multiple convictions. Hence, the court should impose three sentences that subject the defendant to prison time of between 51 to 63 months.

■ However, Mr. Brassell is already subject to undischarged prison terms for the burglary and forgery. Section 5G1.3 Application Note 3 directs the district court first to determine the appropriate total punishment that would have been imposed for all three convictions. As calculated above, this range would be 51 to 63 months. The methodology recognizes that this will often be a "rough estimate," especially when the specifics of the state crimes are not known. The court should then impose a sentence for the tax conspiracy that subjects Mr. Brassell to a total term of imprisonment, including the undischarged prior terms, that approximates the total punishment for the three convictions of burglary, forgery, and tax conspiracy that would have been imposed under § 5G1.2. To achieve the appropriate total punishment, the district court should choose a prison term within the specific range for tax conspiracy and may then impose this sentence to run either consecutively or concurrently to the prior state sentences. If circumstances warrant, the district court may also depart upwards or downwards from the guideline range.

■ We stress that, although the district court is expected to address the methodology set forth in U.S.S.G. § 5G1.3, comment. (n. 3), and "to take it ... that the methodology will yield a reasonable incremental penalty," *United States v. Redman,*

35 F.3d 437, 441 (9th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 922, 130 L.Ed.2d 802 (1995),[2] the district court does retain the discretion to determine that this methodology does not yield an appropriate incremental punishment and to impose another sentence. "If the court demonstrates that it has considered the commentary's methodology and states a valid reason for employing a different one, we will not review its discretionary decision to impose a consecutive sentence for the purpose of achieving a reasonable incremental penalty." *Id.*[3] *See United States v. Coleman,* 15 F.3d 610, 613 (6th Cir.1994) (vacating a consecutive sentence imposed upon a defendant serving an undischarged term of imprisonment because the district court failed to address section 5G1.3(c) and the sentencing methodology suggested in its commentary). However, if, in order to achieve a reasonable incremental punishment, the district court departs from the applicable guideline range for Mr. Brassell's crime of tax conspiracy, the court should provide the requisite departure analysis. *Cf. United States v. Duranseau,* 26 F.3d 804, 810–11 (8th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 341, 130 L.Ed.2d 298 (1994).

In Mr. Brassell's case, the district court imposed a 37–month sentence for tax conspiracy, to run consecutively to the four-year state prison term for forgery. The district court made no finding as to the appropriate total punishment, and did not estimate what the total sentence would have been if the three convictions had been federal convictions and all had been sentenced at the same time. It is unclear why the district court did not engage in the methodology provided for by Application Note 3. Our independent review indicates that a different sentence might well have resulted from use of the Guidelines' methodology.

## G. *State Sentences for Theft, After Probation Revocation*

When Mr. Brassell pleaded guilty to the tax conspiracy, he was serving state prison time for theft, after his probation for these convictions had been revoked. However, by the time of federal sentencing, the sentences for theft had expired and Mr. Brassell was serving the state sentences for forgery and burglary. Nevertheless, in deciding to impose the tax conspiracy sentence consecutively to Mr. Brassell's state sentences, the district court reasoned that "[t]he court does not believe that his federal sentence should be effectively reduced by virtue of Mr. Brassell's state time for the crimes on which he was on probation when he committed his federal crime." (Sentencing Memo. at 3).

However, because the sentences imposed pursuant to the revocation of Mr. Brassell's probation had expired by the time of federal sentencing, they cannot be considered a "prior undischarged term of imprisonment" under § 5G1.3. It is unclear to us the extent to which the theft sentences played a role in the

---

**2.** *Accord United States v. Wiley–Dunaway,* 40 F.3d 67, 71–72 (4th Cir.1994) (remanding so that district court can fashion sentence in accord with § 5G1.3(c)); *United States v. Johnson,* 40 F.3d 1079, 1083 (10th Cir.1994) (remanding because there was no indication whether the district court employed the applicable methodology); *United States v. Whiting,* 28 F.3d 1296, 1312 (1st Cir.1994) (vacating, remanding sentence because district court failed to follow methodology of guidelines). *But see United States v. Torrez,* 40 F.3d 84, 87 (5th Cir.1994) (affirming sentence erroneously imposed without consideration of methodology suggested by 5G1.3 n. 3 commentary both because methodology is permissive and because defendant did not make sufficient showing of prejudice). In *United States v. D'Iguillont,* 979 F.2d 612, 615 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1873, 123 L.Ed.2d 492 (1993), this court noted briefly in passing that a "decision that sentences run consecutively is not one that requires reasons to be stated on the record." The opinion does not indicate that the court was required to address the applicability of the methodology outlined in § 5G1.3 that we must address today.

**3.** The Ninth Circuit noted that the Eighth Circuit apparently treats the district court's decision not to impose the sentence yielded by the guideline commentary as an upward departure. *See United States v. Duranseau,* 26 F.3d 804, 810–11 (8th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 341, 130 L.Ed.2d 298 (1994); *United States v. Brewer,* 23 F.3d 1317, 1321 (8th Cir.1994). We agree with the Ninth Circuit that, because the Guidelines permit the district court to exercise its discretion, the imposition of a sentence not yielded by the methodology outlined in the commentary does not constitute an upward departure. *Cf. United States v. Johnson,* 40 F.3d 1079, 1084 (10th Cir.1994) (suggesting that the decisions of the Ninth and Eighth Circuits are not in conflict).

decision to impose a consecutive sentence on Mr. Brassell. If the district court believed that the federal sentence did not reflect adequately the prior criminal history of Mr. Brassell, then the court should have provided the requisite reasoning and departed upward from the guideline range.

### Conclusion

On the record before us, the reasoning of the district court to impose a sentence on Mr. Brassell to run consecutively to his state sentences leaves us with several unresolved questions. It is unclear why the district court used the 1992 version of the Guidelines, and did not follow the methodology of § 5G1.3 Application Note 3. Also, it is unclear what effect the state sentences for theft, which had expired by the time of federal sentencing, had on the district court's decision to impose a consecutive sentence on Mr. Brassell. These matters are left unexplained in the PSR, the sentencing memorandum, and the sentencing hearing. Our independent examination raises the distinct possibility that there may have been a misapplication of the Guidelines that worked to the substantial detriment of Mr. Brassell. For the foregoing reasons, we vacate Mr. Brassell's sentence and remand to the district court for resentencing.

SENTENCE VACATED AND REMANDED.