**UNITED STATES of America, Appellee,**

v.

**Joseph Frank WHITELEY,
Defendant–Appellant.**

**No. 937, Docket 94–1416.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 14, 1994.

Decided April 24, 1995.

David T. Grudberg, Jacobs, Grudberg, Belt, and Dow, New Haven, CT, for defendant-appellant Joseph Frank Whiteley.

Jonathan A. Bailey, Asst. U.S. Atty., District of Conn. (Christopher F. Droney, U.S. Atty., of counsel), for appellee U.S.

Before: FEINBERG, VAN GRAAFEILAND, and WALKER, Circuit Judges.

WALKER, Circuit Judge:

Defendant Joseph Frank Whiteley appeals from a sentence imposed in the District Court of Connecticut (Peter C. Dorsey, *Chief Judge*) following his conviction on one count of bank robbery in violation of 18 U.S.C. § 2113(a). Whiteley, who committed the offense while an escapee from state custody, contends that the district court misapplied the Sentencing Guidelines in making the sentence consecutive not only to the unexpired state sentence but also to another federal sentence imposed for other crimes committed while he was an escapee. We affirm.

## BACKGROUND

On July 24, 1978, Whiteley was convicted of murder in Connecticut Superior Court and sentenced to a term of life imprisonment. On April 15, 1991, he was paroled to a halfway house. In early September, 1991, he absconded from parole, and a warrant issued for his arrest.

Whiteley immediately returned to his criminal ways. In September and October of 1991, he attempted one and committed three bank robberies in Connecticut. In March, 1992, Whiteley was arrested in Virginia on federal charges of armed bank robbery and related offenses committed in that state. Whiteley pled guilty to those charges in the United States District Court for the Eastern District of Virginia. The Virginia district court sentenced him to two concurrent 71-month prison terms together with a mandatory consecutive 60-month term of imprisonment under 18 U.S.C. § 924(c)(1) for use of a firearm in a crime of violence. The court imposed the sentence, totaling 131 months, to run concurrently with his unexpired Connecticut life sentence.

After Whiteley's arrest and conviction in Virginia, a federal grand jury in Connecticut indicted him on three counts of bank robbery and one count of attempted bank robbery. On April 11, 1994, he pled guilty to one count of bank robbery and acknowledged responsibility for the other three offenses.

On July 8, 1994, Whiteley appeared before Chief Judge Dorsey for sentencing for the Connecticut bank robbery. Whiteley did not contest that, as a parole absconder, he was an escapee at the time he committed the offense. Nor did he take issue with the presentence report's determination that the applicable guideline range for the offense was 84 to 105 months imprisonment.

Whiteley argued, however, that the district court was not permitted under § 5G1.3 of the Sentencing Guidelines, which governs the imposition of a sentence on a defendant subject to an undischarged term of imprisonment, to sentence him to even the guideline minimum. He acknowledged that, since he committed the instant offense while an escapee, his Connecticut federal sentence should be made consecutive to the unexpired Connecticut state sentence under U.S.S.G. § 5G1.3(a).[1] Whiteley maintained, however, that § 5G1.3(c) governed the relationship of his Connecticut federal sentence to the Virginia federal sentence. He argued that under that provision the Connecticut federal sentence should run consecutively to the Virginia sentence only "to the extent necessary to achieve a reasonable incremental punishment for the instant offense." U.S.S.G. § 5G1.3(c). Based on commentary indicating that separate convictions should be treated under § 5G1.3(c) as if the court were sentencing the defendant for all his offenses at once, *see* U.S.S.G. § 5G1.3, Commentary, Application Note 3, Whiteley contended that, if he had been sentenced simultaneously for his Virginia and Connecticut federal offenses, he would have received a sentence of 137 to 156 months. Since the Virginia court had sentenced him to 131 months, he argued that § 5G1.3(c) constrained Chief Judge Dorsey to sentence him to an incremental penalty of only 6 to 25 months.

Chief Judge Dorsey decided that, since Whiteley was an escapee when he committed both the Virginia and Connecticut bank robberies, he was bound to apply § 5G1.3(a) and make the instant sentence consecutive to both the prior Virginia federal and Connecticut state sentences. He acknowledged that he might have been able to take the Virginia sentence into account if it had been imposed

---

**1.** All citations are to the 1993 version of the Sentencing Guidelines unless otherwise noted.

pursuant to § 5G1.3(a) to run consecutively to the unexpired Connecticut state sentence. However, for unexplained reasons, and apparently at odds with § 5G1.3(a), the Virginia court had made its sentence concurrent with the Connecticut state sentence. Therefore, Chief Judge Dorsey imposed a sentence of 84 months, at the low end of the guideline range for the instant offense, to run consecutively to both the Connecticut state sentence and the Virginia sentence. Chief Judge Dorsey stated that if the Virginia court modified its sentence, he would reconsider his determination.

## DISCUSSION

In considering Whiteley's challenge to his sentence, "we review the district court's legal interpretation of the Sentencing Guidelines *de novo* and the district court's findings of fact for clear error." *United States v. Lagatta,* 50 F.3d 125, 127 (2d Cir.1995).

This case involves one of the most complex provisions of the Sentencing Guidelines, and the district court's task was complicated further by the apparent error of the Virginia court in making its sentence concurrent with the unexpired Connecticut state sentence rather than consecutive to it. Nonetheless, we believe that the district court erred in holding that § 5G1.3(a) constrained it to make its sentence consecutive to the Virginia sentence as well as the Connecticut state sentence. While that subsection governs the relationship of the instant sentence to Whiteley's Connecticut state sentence, § 5G1.3(c) applies to the Virginia sentence. That subsection does not curtail the district court's discretion under 18 U.S.C. § 3584 to impose either a concurrent or consecutive sentence, particularly in the circumstances of this case, where the Virginia court's apparent error rendered unworkable the sentencing methodology suggested in the § 5G1.3 commentary. Even though it appears that the district court did not apprehend the extent of its discretion, we find no basis for vacating the sentence, since Whiteley received the minimum sentence that could properly have been imposed.

## I. Section 5G1.3 of the Sentencing Guidelines

Section 5G1.3 of the United States Sentencing Guidelines governs the imposition of a sentence on a defendant subject to an undischarged term of imprisonment. Subsection (a) of that guideline describes circumstances in which imposition of a consecutive sentence is mandatory:

If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(a).

Subsection (b) outlines circumstances in which a concurrent sentence is mandatory:

If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b).

If neither (a) nor (b) applies, the Sentencing Commission has issued a policy statement to guide the courts:

(Policy Statement) In any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense.

U.S.S.G. § 5G1.3(c).

## II. Applicability of § 5G1.3(c)

Section 5G1.3 does not spell out a special method for sentencing a defendant who, like Whiteley, is subject to multiple undischarged terms of imprisonment from prior sentences. Absent any contrary indication, it seems clear that a sentencing court must apply the guideline to each prior sentence independently. In other words, the court must deter-

mine for each prior sentence first whether subsection (a) applies; if not, whether (b) applies; and if neither applies, then it should apply (c).

Whiteley absconded while on parole from the term of imprisonment imposed after his Connecticut state murder conviction in 1978. Thus, § 5G1.3(a) obligated the Connecticut district court to impose the sentence in this case to run consecutively to the term of imprisonment remaining from his prior state conviction. On appeal, neither the government nor Whiteley disputes the propriety of the district court's application of subsection (a) in order to account for the Connecticut state sentence.

Having determined that subsection (a) applied to that sentence, the district court was called upon to consider how § 5G1.3 applied to the Virginia federal sentence. Subsection (a) does not apply, because Whiteley did not commit the federal bank robbery offenses in Connecticut while serving (or on work release, furlough, or escape status from) the term of federal incarceration in Virginia. See U.S.S.G. § 5G1.3(a). Subsection (b) does not apply, because the Virginia offenses had not been "fully taken into account in the determination of the offense level for the instant offense." U.S.S.G. § 5G1.3(b). Therefore, § 5G1.3(c) applies to the determination of how the instant sentence should relate to the undischarged Virginia sentence that Whiteley is serving.

Whiteley contends that § 5G1.3(c) is mandatory and that, under these circumstances, the district court was bound to impose a 6 to 25 month sentence consecutive to both the Connecticut state and Virginia sentences. Only then, he argues, would his sentence be both consecutive to the Connecticut state sentence and reasonably incremental to the Virginia sentence. We disagree.

As we discuss in more detail below, subsection (c) does not provide a hard and fast methodology that limits the sentencing court's discretion; moreover, it provides no authority for imposing a sentence below the minimum of Whiteley's guideline range and no basis for a downward departure. Because Whiteley could not have received a more favorable sentence even had the district court apprehended the full extent of its discretion to fashion a "reasonable incremental punishment," his challenge to his sentence fails.

## A. Effect of 5G1.3(c) on Sentencing Discretion

■ In deciding Whiteley's claim that a sentence of 6 to 25 months consecutive to both the Connecticut state and Virginia federal sentences was mandatory, we note first that it is unclear whether § 5G1.3(c), which is a policy statement promulgated under 28 U.S.C. § 994(a)(2) rather than a guideline pursuant to 28 U.S.C. § 994(a)(1), should be construed as having binding effect on the district court. On the one hand, the Supreme Court has determined that at least certain types of policy statements are binding. *See Stinson v. United States,* — U.S. ——, ——, 113 S.Ct. 1913, 1919, 123 L.Ed.2d 598 (1993) (policy statements in commentary interpreting a guideline); *Williams v. United States,* 503 U.S. 193, 200, 112 S.Ct. 1112, 1119, 117 L.Ed.2d 341 (1992) (policy statements prohibiting district court from certain actions in implementation of a guideline). Moreover, § 5G1.3(c) is distinguishable from the policy statements in Chapter Seven of the Sentencing Guidelines, concerning violations of probation and supervised release, which we found to be non-binding in *United States v. Anderson,* 15 F.3d 278, 283–84 (2d Cir.1994). Whereas Chapter Seven consists only of policy statements, which the Commission itself described as "evolutionary," U.S.S.G. Ch. 7, Pt. A, § 1, subsection (c) of section 5G1.3 completes the universe of sentencing alternatives dealt with in subsections (a) and (b), which are indisputably binding guidelines pursuant to 28 U.S.C. § 994(a)(1).

On the other hand, § 5G1.3(c) is unlike the policy statements at issue in *Stinson* and *Williams,* which the Commission clearly intended to be binding upon district courts. Here, by contrast, the Commission in 1992 redesignated subsection (c), which was formerly a binding guideline, as a "policy statement" without altering its language. *See* U.S.S.G. § 5G1.3, Commentary, Application Note 3 (1992); Appendix C, Amendment 465 (1992). The General Counsel of the Sentenc-

ing Commission has opined that § 5G1.3(c) is "probably more like the . . . advisory policy statements" of § 5B1.4 and Chapter 7 than it is like § 4A1.3, the policy statement found by the Supreme Court to have binding effect in *Williams.* Letter of John R. Steer, General Counsel, United States Sentencing Commission, to Tony Garoppolo, Deputy Chief U.S. Probation Officer, United States District Court for the Eastern District of New York 2 n. 1 (Jan. 6, 1994) (*submitted in record on appeal*) [hereinafter "Steer Letter"].

In support of the General Counsel's position, there is some reason to think that the Commission in 1992 may have decided to tread carefully in "this area of traditional judicial discretion." *United States v. Redman,* 35 F.3d 437, 441 (9th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 922, 130 L.Ed.2d 802 (1995). First, the Commission had proven unable to develop a satisfactory guideline in this complex area of sentencing, as evinced by the multiple and often substantial revisions it had made in the guideline in its five-year lifespan. *See* U.S.S.G. Appendix C, Amendment 289 (1989); U.S.S.G. Appendix C, Amendment 385 (1991); U.S.S.G. Appendix C, Amendment 465 (1992). Second, the prescriptions of prior versions of § 5G1.3 sat uneasily with the broad discretion granted by statute to district courts to impose either consecutive or concurrent sentences, 18 U.S.C. § 3584(a), after consideration of enumerated statutory factors. *See id.* § 3584(b) (requiring court to consider factors set forth in 18 U.S.C. § 3553(a)). The emerging view in a number of circuits attempting to reconcile § 5G1.3 and the statute prior to 1992 had been that a district court retains discretion to deviate from a § 5G1.3 sentence, but only by downward or upward departure. *See generally United States v. Vega,* 11 F.3d 309, 314–15 (2d Cir.1993) (discussing cases). Given that development, the Commission may have decided that it was comfortable in so channeling a district court's discretion in the limited circumstances of

subsection (a), which mandates consecutive sentencing where the crime was committed while the defendant was serving or about to serve time, and subsection (b), which mandates concurrent sentencing when the prior crimes were fully taken into account in the instant sentence. In all other situations, covered by subsection (c), the Commission may have preferred to issue guidance to the courts rather than mandates.

We need not decide today whether subsection (c) binds the district court.[2] Whiteley contends not only that subsection (c) is binding, but that the interpretive commentary, which must be considered authoritative, *United States v. Johnson,* 40 F.3d 1079, 1083 (10th Cir.1994); *United States v. Coleman,* 15 F.3d 610, 612 (6th Cir.1994), prescribes a methodology that courts must follow in applying subsection (c). However, that commentary by its terms is advisory only. It provides, in relevant part, that

> [t]o the extent practicable, the court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time.

U.S.S.G. § 5G1.3, Commentary, Application Note 3. Moreover, the Commission emphasized that "this methodology is meant to *assist* the court in determining the appropriate sentence." *Id.* (emphasis added). The Commission added the permissive "should consider" language in its 1992 amendment. U.S.S.G. Appendix C, Amendment 465 (1992). In so doing, it retreated from the mandatory "shall impose" language of the 1991 commentary. *See* U.S.S.G. § 5G1.3, Commentary, Application Note 4 (1991). As we have recently held, the new language of the commentary "underscores the court's discretion

---

**2.** We also do not decide what effect § 5G1.3(a) has on the district court's discretion under 18 U.S.C. § 3584(a) to impose either a concurrent or consecutive sentence. *Cf. Vega,* 11 F.3d at 314–15 (declining to reach issue of effect of 1987 version of § 5G1.3 on statutory discretion).

Whiteley did not raise the issue either in the district court or on appeal, and, as noted above, he does not contest the propriety of the district court's application of § 5G1.3(a) in relation to the Connecticut state sentence.

in determining a reasonable incremental punishment" and refutes the claim that "the court was obligated to impose a concurrent sentence in this case, us[e] a specific analysis to the exclusion of any other." *Lagatta*, 50 F.3d at 128; *see also United States v. Torrez*, 40 F.3d 84, 87 (5th Cir.1994) (observing that "the methodology proposed by note 3 is permissive only" and "denotes merely one possible manner of determining the appropriate incremental penalty").

As the Ninth Circuit has commented in reviewing the history of § 5G1.3,

The [1992] amendment of language in the guideline must properly be understood as evidence of an intent to abandon the standard established by the old language in favor of something different.... Although the district court no longer has complete discretion to employ any method it chooses when it decides upon a reasonable incremental penalty, neither is it required to use the commentary methodology or else depart from the Guideline.

*Redman*, 35 F.3d at 441. Provided that the district court expressly consider § 5G1.3(c) and give reasons for not following it, the court need not "employ the [commentary's] multi-count analysis approach or explain why it chose an alternative approach." *Lagatta*, 50 F.3d at 128. In sum, § 5G1.3(c) does not limit the district court's ultimate discretion under 18 U.S.C. § 3584 to impose concurrent or consecutive sentences. It instead requires consideration of the basic principle that a consecutive sentence should be imposed to the extent that it will result in a reasonable incremental penalty and consideration of the Commission's preferred methodology for calculating such a penalty.[3]

### B. *Application to Whiteley*

■ We turn now to Whiteley's sentencing. Even though not strictly necessary to our decision, it is important to understand the sentencing analysis that would have been

proper under § 5G1.3 had the Virginia court complied with § 5G1.3(a) and imposed its sentence to run consecutively to the undischarged Connecticut state term of imprisonment. First, applying subsection (a), the Connecticut district court would have determined that its sentence must run consecutively to the Connecticut state sentence. Second, it would have considered subsection (c) and the interpretive commentary that accompanies it in determining a penalty reasonably incremental to the Virginia sentence. The court would have calculated the applicable guideline range for the instant federal offense. *See* U.S.S.G. § 5G1.3, Commentary, Illustrations (C) and (D) of the Application of Subsection (c); *United States v. Hunter*, 993 F.2d 127, 128 (6th Cir.1993) (applying 1991 guidelines). Here, the applicable range, undisputed by either Whiteley or the government, was 84 to 105 months. The court would then have computed the total punishment appropriate if it had been imposing a sentence for the Virginia and Connecticut bank robbery offenses all at once. U.S.S.G. § 5G1.3, Commentary, Application Note 3. Assuming that Whiteley's calculations are correct, the total punishment under the Guidelines for those offenses considered together would be 137 to 156 months.

Having performed those steps, the district court would then have faced the problem of how to sentence Whiteley to achieve a reasonable incremental punishment under § 5G1.3(c). The district court might have viewed a sentence concurrent with the Virginia sentence, even at the maximum of 105 months, as too low because it would fall short of the minimum 137 months of incarceration appropriate for all the federal offenses considered together (unless Whiteley had already served at least 32 months of his Virginia sentence). On the other hand, it might have viewed a consecutive sentence, even at the minimum of 84 months, as too high, since that would bring Whiteley's total federal punishment to 215 months. The General

---

**3.** While other circuits require that a district court perform the multi-count calculations of the commentary methodology before deciding to abandon it, *see United States v. Brassell*, 49 F.3d 274, 278–80 (7th Cir.1995); *Johnson*, 40 F.3d at 1084; *United States v. Wiley–Dunaway*, 40 F.3d 67, 70–71 (4th Cir.1994); *Redman*, 35 F.3d at 441, a district court is not strictly required to do so in this circuit, especially if it would unduly prolong the sentencing process. *Lagatta*, 50 F.3d at 127. Nonetheless, in ordinary circumstances we think it is highly advisable for district courts to attempt the commentary calculations before employing a different approach.

Counsel of the Sentencing Commission has suggested that a court might impose a partially concurrent sentence commencing at a future date when neither a consecutive nor a concurrent sentence would result in the appropriate punishment; alternatively, departures may sometimes be justified. Steer Letter, *supra*, at 7–9. The district court might also have rejected the commentary methodology after consideration, and embarked upon a wholly different approach to formulating incremental punishment. We express no opinion as to how district courts should resolve such issues. Our only object here is to demonstrate the approach contemplated in § 5G1.3 for defendants like Whiteley who are subject to multiple undischarged terms of imprisonment.

The failure of the Virginia court to comply with § 5G1.3(a) thwarted the application of the Guidelines scheme contemplated by the Commission. The Virginia court's imposition of a sentence to run concurrently with the Connecticut state sentence made it impossible for the district court to impose a sentence consecutive to the Connecticut state sentence, as mandated by subsection (a), and at the same time impose a punishment reasonably incremental to the Virginia sentence under subsection (c) using the methodology of Application Note 3 outlined above.

With the commentary methodology rendered inapplicable, the district court had full discretion to determine whether a sentence concurrent with or consecutive to the Virginia sentence was appropriate. The district court seemingly did not apprehend that it had such discretion, and mistakenly thought that § 5G1.3(a) mandated a sentence consecutive to both the Connecticut and Virginia state sentences. In another case, the failure of a district court to apprehend its discretion might compel us to vacate the sentence and remand the case for resentencing. Here, vacatur and remand would serve no purpose because Whiteley received the minimum term of imprisonment to which he could have been sentenced had the district court appreciated the full scope of its discretion.

Even though the district court had discretion to choose whether its sentence should be concurrent with or consecutive to the Virgi-

nia sentence, nothing in § 5G1.3(c) (or 18 U.S.C. § 3584) authorized it to impose a sentence below the minimum of the applicable guideline range absent a downward departure. As discussed above, the minimum sentence under the guidelines for Whiteley's Connecticut federal offense was 84 months. Thus, unless it decided to depart downward, the district court could not have imposed the sentence of 6 to 25 months urged by Whiteley. This is clear from one of the illustrations to § 5G1.3(c):

> (D) The applicable guideline range for the instant federal offense is 24–30 months. The court determines that a total punishment of 36 months' imprisonment would appropriately reflect the instant federal offense and the offense resulting in the undischarged term of imprisonment. The undischarged term of imprisonment is an indeterminate sentence with a 60–month maximum. At the time of sentencing on the instant federal offense, the defendant has served 22 months on the undischarged term of imprisonment. In this case, a sentence of 24 months to be served concurrently with the remainder of the undischarged term of imprisonment *would be the lowest sentence imposable without departure for the instant federal offense.*

U.S.S.G. § 5G1.3, Commentary, Illustrations of the Application of Subsection (c) (emphasis added). As the illustration makes plain, § 5G1.3(c) does not itself authorize a court to impose a sentence below the guideline minimum in order to replicate the "total punishment" that would have been imposed upon Whiteley had he been sentenced for all relevant offenses at once.

While downward departures are not impermissible, the Sentencing Commission does not intend that district courts routinely grant them in an effort to implement § 5G1.3(c):

> [T]his methodology does not, itself, require the court to depart from the guideline range established for the instant federal offense. Rather, this methodology is meant to assist the court in determining the appropriate sentence (*e.g.,* the appropriate point within the guideline range,

whether to order the sentence to run concurrently or consecutively to the undischarged term of imprisonment, or whether a departure is warranted). Generally, the court may achieve an appropriate sentence through its determination of an appropriate point within the applicable guideline range for the instant federal offense, combined with its determination of whether that sentence will run concurrently or consecutively to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3, Commentary, Application Note 3.

Although a downward or upward departure may in certain cases be necessary to give any semblance of a reasonably incremental punishment, this is not such a case. As Whiteley concedes, had the Virginia court complied with § 5G1.3(a), the district court's task would have been to devise a sentence that approximated a total punishment of at least 137 months to run consecutively to his Connecticut state sentence. Here, the district court imposed a sentence of only 84 months to run consecutively to his Connecticut state sentence of life imprisonment (and to his 131–month Virginia sentence, which runs concurrently with the state sentence). Assuming he is ever released from his state sentence and thus forced to serve the sentence imposed by the district court, Whiteley can only be said to be the beneficiary of the Virginia court's apparent error. Given that the sentence imposed was lower than that warranted by the commentary methodology, there would be no cause on remand for downward departure to achieve the purposes of § 5G1.3.

Therefore, even though, in the confused circumstances of this case, the district court appears to have been understandably mistaken about its authority to structure its sentence relative to the Virginia sentence, we find no reason to vacate the sentence and remand for resentencing.

The judgment of the district court is affirmed.