**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John A. PLANTAN, Defendant–Appellant.**

No. 95–3926.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 26, 1996.

Decided Dec. 23, 1996.

Jon E. DeGuilio, Andrew B. Baker, Jr., Joseph Alexis Cooley (argued), Office of the United States Attorney, Dyer, IN, for Plaintiff-Appellee.

Luis M. Galvan (argued), Office of the Federal Defender Program, Chicago, IL, for Defendant-Appellant.

Before ESCHBACH, COFFEY, and MANION, Circuit Judges.

ESCHBACH, Circuit Judge.

In 1995, John Plantan pled guilty to one count of federal excise tax evasion in violation of 26 U.S.C. § 7201 pursuant to a plea agreement with the government. At sentencing, the court imposed a 24 month sentence, to be served consecutively to the sentence Plantan already was serving for a 1992 offense. Plantan appeals, claiming that the district court erred by refusing to impose his sentence concurrently in conformity with Application Note 3 of § 5G1.3(c) of the Sentencing Guidelines, such that he only would need to serve an additional 8 months in jail. The district court had jurisdiction pursuant to 18 U.S.C. § 3231; we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We now affirm the imposition of the consecutive sentence.

## I. Background

During 1988 and 1989, Plantan was committing fraud in Illinois. This was neither his first, nor his last, involvement in criminal

activity. Plantan falsely represented to the owner of KBC Freightways, an Illinois interstate trucking company, that he wanted to buy the company on behalf of a group of wealthy investors. Based on this fiction, a business relationship developed between Plantan and the owners of KBC. During the next 10 months, Plantan wrote over $60,000 worth of unauthorized checks on KBC bank accounts. On December 9, 1992, Plantan pled guilty to wire fraud based on these activities in the Northern District of Illinois, and was sentenced to 41 months in prison.

Before the 1992 conviction came to be, however, Plantan entered the fuel industry in Indiana. From late 1991 through 1992, Plantan owned Bristol Enterprises, Inc. While operating Bristol, Plantan purchased low grade diesel fuel from distributors, tax free. He then resold the fuel after adding an ingredient from recycled oil to give the fuel a higher octane level such that it would boost mileage. Unfortunately, Plantan failed to file the required federal excise tax returns for the fuel he purchased. This failure resulted in a total tax loss to the government of $70,962. By the time Plantan was indicted for these activities, in April 1995, he was already serving time in Illinois for the 1992 wire fraud conviction. In July 1995, Plantan pled guilty to one count of excise tax evasion.

After determining the guidelines sentencing range to be 24 to 30 months, the district court sentenced Plantan to 24 months in prison. Pursuant to the plea agreement, the government did not object to Plantan's request that the tax evasion sentence run concurrently with his undischarged sentence for wire fraud. At the time of sentencing, Plantan had 16 months left to serve on his wire fraud conviction. Under a concurrent sentence, Plantan would serve 8 additional months on the tax evasion charge. The court, however, imposed the 24 month sentence to run consecutively to the undischarged sentence. Plantan appeals the imposition of a consecutive sentence, claiming the sentencing guidelines required the court to impose the sentence concurrently.

## II. Discussion

■ The Sentencing Guidelines applied to Plantan provide a formula for determining the sentence of a defendant who is already incarcerated.[1] U.S.S.G. § 5G1.3(c), comment, (n.3) (1994). This formula is intended to avoid sentencing disparity by ensuring that the total sentence for two offenses is the same regardless of whether the defendant was charged and convicted of the offenses at the same or different times. *See United States v. McFarland*, 37 F.3d 1235, 1236 (7th Cir.1994). Because offenses are grouped for sentencing purposes when a defendant is charged for all offenses at the same time, a defendant charged separately for each offense ordinarily would serve significantly more time for the same acts. The guidelines avoid this result by providing a methodology to approximate the sentencing result if the offenses had been grouped as they would be if the defendant were charged for all offenses at once.

Under § 5G1.3(c) (1994), a policy state-

---

1. The district court used the 1991 version of the Guidelines to determine Plantan's base offense level. However, as the government notes in its brief, the presentence report ("PSR") referenced the 1994 version of § 5G1.3(c) in determining whether the sentence should be concurrent or consecutive. Resp. Br. at 7 n. 3. (Actually, this version of § 5G1.3(c) was effective from November 1, 1992 through November 1, 1995). Courts should apply the same version of the guidelines to all aspects of sentencing except to the extent an amendment is merely clarifying and not a substantive change. U.S.S.G. § 1B1.11(b)(2); *United States v. Goudy*, 78 F.3d 309, 314 (7th Cir.1996). It would not be proper to use the 1994 version of § 5G1.3(c) if it represents a substantive change from the 1991 version.

Some circuits have held that the 1991 version of § 5G1.3(c) is the only version in which the methodology is mandatory. *See United States v. Redman*, 35 F.3d 437, 440–41 (9th Cir.1994) (reviewing history of § 5G1.3(c), stating "[t]he 1991 amendment stripped courts of all discretion"), *cert. denied*, —— U.S. ——, 115 S.Ct. 922, 130 L.Ed.2d 802 (1995); *United States v. Spiers*, 82 F.3d 1274, 1278–79 (3d Cir.1996) (stating that in 1991 the methodology was mandatory, although both before and after it "was and is permissive"). Thus, it is not clear whether or not it was proper to use the 1994 version of § 5G1.3(c) in the instant case. However, because the Seventh Circuit has not addressed whether the 1991 version was mandatory, and neither side objected, we decline to decide the issue here.

ment,[2] "the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense." Application Note 3 to § 5G1.3(c) (1994), in pertinent part, explains:

In some circumstances, such incremental punishment can be achieved by the imposition of a sentence that is concurrent with the remainder of the unexpired term of imprisonment. In such cases, a consecutive sentence is not required. To the extent practicable, the court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all the offenses been federal offenses for which sentences were being imposed at the same time.[3]

Despite this Application Note, the district court imposed the 24 month sentence consecutively to the wire fraud sentence Plantan was serving in Illinois. The court recognized that using the methodology prescribed in the Application Note, Plantan's 24 month sentence would run 16 months concurrently with his wire fraud sentence, and 8 months consecutively. It determined, however, that such a sentence did not provide for a sufficient "incremental penalty" because the instant crime occurred three years after the one for which he was already incarcerated and because of the extent of Plantan's 10 year criminal history.

▇ Plantan argues that the court failed to state sufficient reasons to justify the imposition of a consecutive sentence. Ordinarily we would review the district court's decision to impose a consecutive sentence for abuse of discretion. *United States v. Brassell*, 49 F.3d 274, 279 (7th Cir.1995); *see also Spiers*,

82 F.3d at 1277. However, because Plantan did not object at sentencing, we review only for plain error. *Brassell*, 49 F.3d at 277. We will reverse only if the error both is clear and obvious and affected the outcome of the court proceedings. *United States v. Olano*, 507 U.S. 725, 732–36, 113 S.Ct. 1770, 1777–78, 123 L.Ed.2d 508 (1993).

▇ It is true that the district court must consider the methodology laid out in Application Note 3 to § 5G1.3(c) (1994). *See Sorensen*, 58 F.3d at 1159 ("Generally, the district court must at least consider the methodology of § 5G1.3."); *Brassell*, 49 F.3d at 279 (remanding because district court failed to consider methodology and made no finding as to the appropriate total punishment); *Goudy*, 78 F.3d at 311 (noting case previously had been remanded by unpublished order because district court "did not clearly articulate its reasons for imposing a consecutive instead of a concurrent sentence"). However, Application Note 3 is not mandatory. It leaves the court significant discretion to impose a sentence which provides for a reasonable incremental punishment given the facts of the case, so long as it states its reasons for doing so. *See Goudy*, 78 F.3d at 315 ("[T]he 1994 version of USSG § 5G1.3 permitted the court to retain its discretion to sentence consecutively when it stated its reasons why the methodology under the Guideline did not yield an appropriate incremental punishment."); *Brassell*, 49 F.3d at 278–79 (stressing that district court retains discretion to determine that methodology does not result in appropriate incremental penalty). "If the court demonstrates that it has considered the commentary's methodology and states a valid reason for employing a different one, we will not review its discretionary decision to impose a consecutive sentence for the purpose of achieving a reasonable incremental penalty." *Brassell*, 49 F.3d at 279 (quoting *Red-*

---

2. We have noted that policy statements retain their " 'authoritative character.' " *United States v. Sorensen*, 58 F.3d 1154, 1158 (7th Cir.1995) (quoting *United States v. Hill*, 48 F.3d 228, 231 (7th Cir.1995)).

3. Section 5G1.3(c) and the relevant commentary were amended effective November 1, 1995. The amendment no longer prescribes the methodology at issue in this case, instead "afford[ing] the sentencing court additional flexibility." *Goudy*,

*man*, 35 F.3d at 441).[4]

In this case, the district court did consider the methodology, as required.[5] However, it found that imposing a sentence in which Plantan served only eight additional months did not provide sufficient incremental punishment. The court stated that this decision was

> based on the fact that the instant offense occurred three years after the offense in the Northern District of Illinois. Additionally, the defendant has been involved in numerous fraudulent schemes over the past 10 years, and it is the court's opinion that a concurrent sentence would not provide for the incremental punishment necessary in this particular instance.

R. 20 at 3. The court further stated that this prison term "provides for the issues of punishment and deterrence." *Id.*

██ Plantan argues it was improper for the court to impose a consecutive sentence based on his criminal history, since that history was already accounted for when the court established his criminal history category to determine his sentencing range.[6] This argument fails. First, Plantan's criminal

history category did not account for all of Plantan's relevant criminal behavior. The presentence report indicates that Plantan committed crimes for which he was not convicted. Given that the guidelines authorize an upward departure based on criminal conduct for which there was no conviction, U.S.S.G. § 4A1.3(e), such conduct certainly provides sufficient reason to impose a consecutive sentence. *See Goudy*, 78 F.3d at 315 (decision to impose consecutive sentence not an upward departure); *Brassell*, 49 F.3d at 279 n. 3 (same).

Additionally, a criminal history this extensive indicates that more punishment may be needed to have a deterrent effect. The court indicated that it imposed the prison term to "provide[ ] for the issues of punishment and deterrence." R. 20 at 3. The court also expressed its concern about Plantan's high potential for recidivism in the sentencing hearing. Sent. Tr. at 6–7.[7] The statute authorizing consecutive and concurrent sentencing specifically directs courts to consider the deterrence effect of the punishment, as well as the history and characteristics of the defendant.[8] That is exactly what the court

---

78 F.3d at 314 n. 4 (quoting U.S.S.G. § 5G1.3, comment., (backg'd.)).

**4.** Accord: Spiers, 82 F.3d at 1278 (holding that district court "need not follow [5G1.3(c) methodology] as long as it states its reasons for not doing so" and that "ultimate imposition of a concurrent or consecutive sentence [is within] the sound discretion of the district court"); *United States v. Hernandez*, 64 F.3d 179, 183 (5th Cir.1995) (holding that after district court has considered the methodology, it "is left with discretion to impose a sentence which it believes provides an appropriate incremental punishment"); *Redman*, 35 F.3d at 441 ("The court may decline to impose the sentence suggested by the commentary's methodology, if it has a good reason for doing so."); *United States v. Whiteley*, 54 F.3d 85, 90 (2d Cir.1995) ("In sum, § 5G1.3(c) does not limit the district court's ultimate discretion under 18 U.S.C. § 3584 to impose concurrent or consecutive sentences.").

**5.** The district court adopted the findings of the PSR, R. 20 at 5, which calculated a sentence according to the § 5G1.3(c) methodology. PSR at 18–19.

**6.** Because we hold that the court was well within its discretion to impose a consecutive sentence based on its consideration of Plantan's criminal history, see discussion *infra*, we need not address

Plantan's argument that the length of time between offenses provides insufficient reason to impose a consecutive sentence.

**7.** The following colloquy took place:
> THE COURT: He has a very imaginative mind. Do you think he's going to stay out of the system?
> [DEFENSE COUNSEL]: I'm hoping, judge, but I think that the period of supervised release will ensure that will happen, judge.
> THE COURT: I hope so. He will be back in front of me or somebody just like me.

Sent. Tr. 6–7.

**8.** 18 U.S.C. § 3584(b), which authorizes the imposition of concurrent and consecutive sentences, directs the court to consider factors set forth in § 3553(a). These factors include (among others):
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed-
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and

did here. The district court was well within its discretion when it determined that a consecutive sentence was necessary to provide for a reasonable incremental penalty based on Plantan's criminal history.

The district court's judgment is AFFIRMED.

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).