

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-18-2005

# Brown v. Yates

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2298

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Brown v. Yates" (2005). *2005 Decisions.* Paper 214.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/214

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-2298

_____

ARTURO BROWN,
                                         Appellant

v.

STAN A. YATES

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-01278)
District Judge: Honorable James M. Munley

_____

Submitted Under Third Circuit LAR 34.1(a)
NOVEMBER 14, 2005
Before: BARRY, STAPLETON AND GREENBERG,  Circuit Judges.

(Filed November 18, 2005)
_____

OPINION
_____

PER CURIAM

        On May 14, 1997, Arturo Brown was sentenced in a New York state court to 1 to

3 years in custody and a 6-month suspended license.  On December 2, 1997, he was

taken into federal custody on a writ of habeas corpus ad prosequendum to answer federal

charges in the Eastern District of New York. On August 27, 1999, after pleading guilty to the federal charges, Brown was sentenced to a 97-month term of imprisonment. The sentencing court ordered that the sentence "shall run concurrently to the sentence defendant received on May 14, 1997 in the related New York State case." Judgment at 2. After the federal sentencing, New York authorities informed the Bureau of Prisons that Brown would have been conditionally released from his state prison term on February 26, 1999, prior to the imposition of his federal sentence.

The Bureau of Prisons has given Brown credit for pre-trial detention from February 26, 1999, through August 27, 1999. Brown filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that, because his related federal and state sentences were intended to run concurrently, he should instead receive credit or an adjustment for the time he served from May 14, 1997, to August 27, 1999. The District Court denied his petition. Brown appeals.

Despite Brown's transfer from FCI Allenwood in White Deer, Pennsylvania to McCreary USP in Pine Knot, Kentucky after he filed his habeas petition, we retain jurisdiction over Brown's appeal. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2721 (2004); Ex parte Endo, 323 U.S. 283, 307 (1944).

The District Court's order will be affirmed. Pursuant to § 5G1.3(b) of the U.S. Sentencing Guidelines, a federal sentence imposed in a case related to a state conviction can run "fully or retroactively concurrently, not simply concurrently with the remainder

2

of the defendant's undischarged sentence." Ruggiano v. Reish, 307 F.3d 121, 128 (3d Cir. 2002). When imposing Brown's sentence, the sentencing court acted under the belief that Brown remained in primary state custody. See id. at 125 (holding that "[a] prisoner detained pursuant to a writ ad prosequendum is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person"). However, the sentencing court's intent to impose Brown's federal sentence either fully or retroactively concurrently with his state sentence is not apparent from the sparse record before this Court. Although the sentencing court ordered that Brown's federal sentence "shall run concurrently" to his state sentence, the court did not specify that Brown was entitled to credit for time served, as in other cases in which courts have imposed retroactively concurrent sentences. See Ruggiano, 307 F.3d at 131-32; Rios v. Wiley, 201 F.3d 257, 267-68, 271 (3d Cir. 2000). The sentencing court did not otherwise indicate its intent, as by making an adjustment to Brown's sentence using the suggested methodology set forth in the application notes of the U.S. Sentencing Guidelines. See U.S. Sentencing Guidelines § 5G1.3 app. (b).[1]

Furthermore, any intent to impose a concurrent sentence could not be realized. Brown, who completed serving his state sentence on February 26, 1999, was no longer

---

[1]Although sentencing courts in the Second Circuit later were directed to use the suggested methodology to provide a concurrent sentence, see United States v. Fermin, 192 F.3d 350, 355 (2d Cir. 1999) (per curiam), the method was advisory at the time of Brown's sentencing, see United States v. Whitely, 54 F.3d 85, 89 (2d Cir. 1995).

subject to an undischarged term of imprisonment when he was sentenced for federal law violations on August 27, 1999. Cf. United States v. Pray, 373 F.3d 358, 361 (3d Cir. 2004). See also United States v. Cole, 416 F.3d 894 (8th Cir. 2005) (holding that a one sovereign relinquishes primary jurisdiction to another at the expiration of a prisoner's sentence). Therefore, as the District Court determined without explicitly considering the section 5G1.3(b) issue, Brown's federal sentence commenced when it was imposed on August 27, 1999. The Bureau of Prisons' rejection of Brown's application for credit for time served beyond the time he served in pretrial detention from February 26, 1999, to August 27, 1999, was proper for the reasons set forth in the District Court's opinion.

Accordingly, we will affirm the District Court's order denying Brown's habeas petition.