**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Patrick GREER, Defendant–Appellant.**

No. 96–1058.

United States Court of Appeals,
Seventh Circuit.

Argued June 12, 1996.

Decided Aug. 1, 1996.

Andrew B. Baker, Jr. (argued), Office of the United States Attorney, Dyer, IN, for Plaintiff–Appellee.

Joan Kouros (argued), Kouros & Kouros, Schererville, IN, for Defendant–Appellant.

Before FLAUM, RIPPLE, and ROVNER, Circuit Judges.

FLAUM, Circuit Judge.

Appellant Patrick Greer pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Greer was sentenced to sixty-three months' imprisonment, twenty-five months of which was to run consecutively to another sentence that was imposed minutes before. Greer maintains that the district court erred in failing to apply the multiple count grouping rules in U.S.S.G. § 5G1.2 in sentencing him. We vacate and remand for resentencing.

### I.

In 1991, Greer was indicted on one count of conspiracy to distribute narcotics, 21 U.S.C. § 846, in the Northern District of Illinois, case no. 91 CR–463–2. ("Illinois case"). A warrant was issued for his arrest, but Greer successfully evaded capture until December 10, 1994. On that date, U.S. Marshals tracked him down at his abode in Gary, Indiana and arrested him. Greer had a .38 caliber revolver in his possession at the time of his arrest. The subsequent search of Greer's residence, which he shared with a third-party, revealed three other firearms, narcotics, and narcotics paraphernalia. Greer's possession of a gun was illegal, as he had been convicted of a felony drug offense in Mississippi in 1987.

On August 25, 1995, Greer was charged by information with being a felon in possession of a firearm, 18 U.S.C. §§ 922(g), 924(a), in the Northern District of Indiana ("Indiana

case"). The Indiana case, which is the subject of this appeal, was assigned to Judge Lozano, who was also assigned the Illinois case by special designation. The cases were processed separately, however, at least formally. An Assistant United States Attorney for the Northern District of Illinois prosecuted the Illinois case, while an Assistant United States Attorney for the Northern District of Indiana prosecuted the Indiana case. In addition, two different defense attorneys represented Greer in the respective cases. Greer pled guilty to both offenses pursuant to separate plea agreements.

In the Indiana case, Greer's plea agreement provided that, on December 10, 1994, Greer possessed a handgun in Gary, Indiana, an act rendered illegal by his prior Mississippi felony conviction. The plea agreement also provided that the government would not oppose a sentence concurrent with the sentence to be imposed in the Illinois case. The government also agreed that the proper sentence was the guideline minimum, and that, if the court rejected this provision, Greer could withdraw his plea. Greer pled guilty on September 8, 1995, but the court withheld formally accepting his plea until the presentence report was prepared. The acceptance of the plea in the Illinois case was similarly deferred.

The presentence report ("PSR") was prepared on September 21, 1995 and revised on November 1, 1995, the effective date of the 1995 Sentencing Guidelines. The PSR indicated that the 1995 Guidelines had been utilized. The PSR calculated Greer's offense level at 22, which included a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2), a one point enhancement for multiple firearms under U.S.S.G § 2K2.1(b)(1)(A), and a three point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The PSR counted the Illinois case as one of the two prior felony convictions for controlled substance offenses required to apply § 2K2.1(a)(2), based upon the "assumption" that the Illinois case would be sentenced first. The PSR

indicated that Greer's criminal history category was IV. The criminal history category included three points for the Mississippi state conviction, two points because the Indiana offense occurred while Greer was on parole for the Mississippi offense, and three points for the Illinois case. The Illinois case was included in the criminal history calculation because it was scheduled to be sentenced on November 9, 1995, over a month before Greer was set to be sentenced in the Indiana case. The PSR calculated Greer's guideline range as 63–78 months. The PSR noted that the judge should apply U.S.S.G. § 5G1.3 because Greer would be subject to the undischarged term of imprisonment in the Illinois case when sentenced. The PSR further indicated that under U.S.S.G. § 5G1.3 cmt. 3, the judge should consider the hypothetical sentence which would have resulted if the two cases had been sentenced together under U.S.S.G. § 5G1.2 [1] and consider a concurrent sentence.[2]

Greer's sentencing in the Illinois case, however, was delayed. Ultimately, Greer was sentenced in both the Illinois case and the Indiana case sequentially before Judge Lozano on December 19, 1995. The judge formally accepted the respective guilty pleas in both cases during this proceeding. Greer was sentenced in the Illinois case first. Counsel in the Illinois case argued that Greer should not be charged with a criminal history point for the Indiana case and that the cases should be deemed functionally consolidated. The court agreed that the criminal history point was inappropriate, but made it very clear that the cases were not being consolidated, stating: "Counsel, for the record, however, though, I am not consolidating these cases, nor have I ever indicated that I would consolidate them."

The court found that the offense level in the Illinois case was 23, the criminal history category was III, and the guideline range was 57–71 months. The court noted that a 60–month statutory minimum applied and sentenced Greer to the 60–month minimum

---

**1.** The hypothetical combined calculation under § 5G1.2 would yield an offense level of 25, a criminal history of III, and a guideline range of 70–87 months.

**2.** The PSR gives us some pause, as it applies the *1994* Guidelines, at least as regards § 5G1.3 and the calculation under § 5G1.2.

(apparently as required in the plea agreement).

Minutes later, sentencing began in the Indiana case. Counsel objected to the criminal history score increase for the "prior sentence" in the Illinois case, noting that the Illinois case was sentenced just moments before and that the cases were related. Counsel argued that concurrent sentencing was appropriate in these circumstances. The court concluded that the cases were not related, had not been consolidated, and that the Illinois case was properly deemed a "prior sentence" for criminal history purposes. The court found that the offense level was 22, the criminal history category was IV, and the applicable range was 63–78 months. The court imposed the 63–month minimum, but ordered that 25 months of the sentence would run consecutively to the Illinois sentence, the rest to run concurrently. The court gave the following reasoning for the sentence:

> The Court finds no reason to depart from the sentence called for by the application of the Guidelines inasmuch as the facts as found are the kind contemplated by the Sentencing Commission.

> The Court will indicate that it has strongly considered making these sentences consecutive. It has taken into account that there were plea agreements and that a trial was avoided by these plea agreements themselves.

> On the other hand, the Court was quite concerned by the criminal activity that continued while avoiding apprehension in this particular case. And the Court feels that the sentence is a fair sentence, and would have given the sentence whether or not the Court would have given the three points or not given the three points with regards to the issue that was here before, and also has considered this sentence to be a fair sentence and a deterrent to others contemplating like or similar actions.

The judge made no specific reference to either U.S.S.G. § 5G1.3 or § 5G1.2. The judgment itself indicates that the court accepted the guideline methodology presented in the PSR.

## II.

On appeal,[3] Greer makes three related arguments: (1) that the Illinois case was not a "prior sentence" for criminal history purposes, (2) that the court should have applied § 5G1.2, and (3) that his sentence was improper because the cases were functionally consolidated. The government maintains that the court properly applied § 5G1.3(c), as the Illinois case was merely an "undischarged term of imprisonment." All these arguments collapse into a single issue: whether § 5G1.2 or § 5G1.3 applies to the case.

This court reviews a district court's interpretation of the Guidelines de novo. *United States v. Goudy*, 78 F.3d 309, 312 (7th Cir.1996). Section 5G1.3 provides, in relevant portion:

> *Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment*

> \* \* \*

> (c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

The relevant application note provides:

> 3. *Concurrent or consecutive sentence—subsection (c) cases.* In circumstances not covered under subsection (a) or (b), subsection (c) applies. Under this subsection, the court may impose a sentence concurrently, partially concurrently, or consecutively. To achieve a reasonable punishment and avoid unwarranted disparity, the court should consider the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a)) and be cognizant of:

> (a) the type (*e.g.*, determinate, indeterminate/parolable) and length of the prior undischarged sentence;

> (b) the time served on the undischarged sentence and the time likely to be served before release;

---

3. There was no appeal in the Illinois case.

(c) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

(d) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

U.S.S.G. § 5G1.3 cmt. 3. The general purpose of § 5G1.3 is to "mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence." *Prewitt v. United States,* 83 F.3d 812, 817 (7th Cir.1996) (quoting *Witte v. United States,* —— U.S. ——, ——–——, 115 S.Ct. 2199, 2208–09, 132 L.Ed.2d 351 (1995)).[4]

Section 5G1.2 provides:

*Sentencing on Multiple Counts of Conviction*

(a) The sentence to be imposed on a count for which the statute mandates a consecutive sentence shall be determined and imposed independently.

(b) Except as otherwise required by law (*see* § 5G1.1(a), (b)), the sentence imposed on each other count shall be the total punishment as determined in accordance with Part D of Chapter Three, and Part C of this Chapter.

(c) If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law.

(d) If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects sentences on all counts shall run concurrently, except to the extent otherwise required by law.

Section 5G1.2 applies "to multiple counts of conviction (1) contained in the same indictment or information, or (2) contained in different indictments or informations for which sentences are to be imposed at the same time or in a consolidated proceeding." U.S.S.G. § 5G1.2, comment. *See also United States v. Griggs,* 47 F.3d 827, 830–32 (6th Cir.1995); *United States v. Hernandez Coplin,* 24 F.3d 312, 318–20 (1st Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 378, 130 L.Ed.2d 328 (1994).

The resolution of this case boils down to whether the "same time" language of § 5G1.2 is interpreted to include sequential sentencings, or whether the "prior undischarged term" language of § 5G1.3 is to be applied broadly enough to encompass them.

Only the First Circuit has dealt with this issue to date. *See United States v. Hernandez Coplin,* 24 F.3d 312 (1st Cir.1994). That court noted that the language of the Guidelines was "not crystal clear," and that § 5G1.3 could arguably apply. *Id.* at 318. However, the court reasoned that this interpretation was refuted by the language in the commentary to § 5G1.2, which provides that § 5G1.2 applies to counts "contained in different indictments or informations for which sentences are to be imposed at the same time or in a consolidated proceeding." *Id.* The First Circuit concluded that § 5G1.2 applies when "two sentences are imposed sequentially by the same judge on the same day," while § 5G1.3 applies to "cases in which two sen-

---

**4.** Section 5G1.3(c) differed somewhat in the 1994 guidelines:

> (c) (Policy Statement) In any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense. ·

Significantly, the 1994 Guidelines specifically required the court to consider § 5G1.2 in crafting a sentence under § 5G1.3(c):

> 3. Where the defendant is subject to an undischarged term of imprisonment ... the court shall impose a consecutive sentence to the ex-

tent necessary to fashion a sentence resulting in a reasonable incremental punishment for the multiple offenses.... To the extent practicable, the court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time....

U.S.S.G. § 5G1.3 cmt. 3 (1994).

tences are imposed on different occasions." *Id.*

■ We adopt the First Circuit's position, which we conclude properly interprets and reconciles the language in the relevant guideline sections. If different cases could only be sentenced together under § 5G1.2 if the district court issued an order of consolidation, the "same time" language would be rendered meaningless. From a practical standpoint, at the "same time" could only mean sequential in the context of sentencing multiple cases in one proceeding.[5] In addition, the commentary to § 5G1.3 provides that the district court should consider "the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, *or at a different time before the same or different federal court*; ..." U.S.S.G. § 5G1.3 cmt. 3 (emphasis added). This provision implies that § 5G1.3 should not apply to cases sentenced in the same proceeding. Therefore, we find that the district judge erred in failing to apply § 5G1.2 in this case.

The government argues, however, that the sentence would be no different under either § 5G1.3 or § 5G1.2, as § 5G1.3 requires the court to consider the methodology of § 5G1.2. We find that there is little support for the conclusion that the error was harmless.

■ We first note that the government's theory could only work under the prior version of § 5G1.3. The 1995 Guidelines, which the district court was bound to apply, do not require the court to consider the § 5G1.2 calculation when applying § 5G1.3. Yet, the PSR apparently utilized the 1994 version of § 5G1.3 and provided a hypothetical combined sentence under § 5G1.2. The government is correct that the sentence actually imposed falls within this hypothetical range.

Greer received 60 months for the Illinois offense, plus 25 months consecutively for the Indiana offense. This total sentence of 85 months falls within the hypothetical total punishment range of 70–87 months calculated in the PSR. (*See* footnote no. 1, *supra*). Nevertheless, there are several difficulties. First, the district judge never referred to the methodology or indicated in any way that he was applying it. Second, in applying § 5G1.2, the Illinois case would not have been counted for the purpose of calculating Greer's criminal history score nor been utilized for determining his offense level. As a consequence, the correct guideline range would have been considerably lower than the range considered by the district court. The district judge's statement that he would have given the same 63–month sentence on the Indiana conviction even without the extra criminal history points based on the Illinois conviction does not resolve the issue, as this alternative scenario does not account for the potential change in offense level. Further, while a 63–month sentence would have been possible in the alternative scenario the judge described—an offense level of 22 combined with a criminal history category of III would yield a range of 51–63 months—Greer would have been entitled to withdraw his plea in the Indiana case if he was not sentenced at the bottom of the guideline range. We must conclude that Greer was improperly sentenced and that the errors were not harmless.

The sentence is VACATED, and we REMAND the case to the district court for resentencing.

---

5. Greer's arguments regarding "relatedness" and "functional consolidation" contribute little to the evaluation of the issue. Offenses are related if they "(1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." *United States v. Yahne*, 64 F.3d 1091, 1096 (7th Cir.1995). These cases are plainly unrelated. The offenses occurred in different jurisdictions, three years apart, and there has been no showing that the drug offense and the firearm offense were in any way part of a single scheme or plan. In addition, the cases were not consolidated for

trial or sentencing. A formal order of consolidation is unnecessary for sentences to be deemed consolidated, but, in the absence of such an order, there must be a reason for believing that the sentencing judge treated the two crimes as one. *United States v. Joseph*, 50 F.3d 401, 403–04 (7th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 139, 133 L.Ed.2d 86 (1995); *United States v. Russell*, 2 F.3d 200, 204 (7th Cir.1993). There is no indication in the record that Judge Lozano considered the two cases as one; on the contrary, he was emphatic that he did not.