108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Malcolm Thomas HARDY, Defendant-Appellant. (Two Cases)
 Nos. 96-50195, 96-50196.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1997.
Decided Feb. 18, 1997.
 
 Appeals from the United States District Court for the Central District of California, Nos. CR-95-00043-RJK-01, CR-95-00918-RJK-01; Robert J. Kelleher, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED IN PART, VACATED IN PART.
 Before: D.W. NELSON and TROTT, Circuit Judges, and BRYAN,* District Judge.
 MEMORANDUM**
 Malcolm Thomas Hardy appeals his jury trial conviction for assaulting a federal officer, 18 U.S.C. § 111, and his resulting sentence under the sentencing guidelines. He also appeals his sentence following his guilty plea convictions for bank fraud, making false statements in a loan application, and having an illegal social security number, in violation of 18 U.S.C. §§ 1344 & 1014 and 42 U.S.C. § 408(a)(7)(B). We affirm Hardy's conviction. However, because the district court did not comply with the multiple-count-sentencing rules of USSG § 5G1.2, we vacate both of Hardy's sentences and remand for resentencing.
 I. Self-Defense Instruction
 Hardy argues that the district court erred by refusing to give his proffered self-defense instruction. We review the district court's conclusion that there was insufficient evidence to support a self-defense instruction for an abuse of discretion. United States v. Duran, 59 F.3d 938, 941 (9th Cir.1995).
 Hardy is entitled to a self-defense instruction only if the evidence in the record is sufficient for a jury rationally to find that Hardy acted in self-defense. United States v. Morton, 999 F.2d 435, 437 (9th Cir.1993); see also United States v. Jackson, 726 F.2d 1466, 1468 (9th Cir.1984) (per curiam). A "mere scintilla" of evidence is not sufficient to warrant the instruction. Jackson, 726 F.2d at 1466.
 The district court did not err in refusing to give Hardy's instruction, because the evidence is insufficient to support one of the critical elements of Hardy's self-defense theory--that Hardy made an honest mistake or lacked knowledge regarding Agent Kirkpatrick's authority. See Morton, 999 F.2d at 437. The only evidence that Hardy did not know Agent Kirkpatrick was an FBI agent is that: 1) Agent Kirkpatrick dressed in plain clothing; 2) the surveyors' testimony suggested that Hardy was getting into his car, 90 feet away, when Agent Kirkpatrick identified himself; and 3) Susan Sorrento, who worked in an office building 110 feet away, did not hear Agent Kirkpatrick identify himself. This evidence is not sufficient for a jury rationally to conclude that Hardy acted in self-defense.
 II. Aggravated Assault Guideline
 The district court sentenced Hardy under USSG § 2A2.2 ("Aggravated Assault"), which provides for a base offense level of 15. This guideline applies when the defendant acted "with intent to do bodily harm." USSG § 2A2.2, comment. (emphasis added). Hardy argues that he should have been sentenced under USSG § 2A2.4 ("Obstructing or Impeding Officers"), which applies to all minor assaults and provides for a base offense level of 6.
 We review the district court's interpretation and application of the sentencing guidelines de novo. United States v. Shrestha, 86 F.3d 935, 938 (9th Cir.1996). The district court's factual findings are reviewed for clear error. Id.
 We reject the defendant's contention that the court based its finding of an intent to injure on an erroneous belief that the jury had found such an intent in reaching its verdict. The record reflects that the court made an independent determination that Hardy "intended to use the vehicle to hit the agent and thereby do whatever an automobile does to people when it hits them, that is, to harm them." The district court's finding is well-supported by the evidence that Hardy clearly saw the agent, had ample other avenues of escape, and yet drove the car directly at the agent. Therefore, the district court did not clearly err in independently finding that Hardy intended to injure Agent Kirkpatrick.
 III. Sentencing Under USSG § 5G1.2
 Hardy argues, and the Government concedes, that the district court erred by calculating separate sentencing ranges for the Texas convictions and the California conviction. We agree.
 Section 5G1.2 of the sentencing guidelines provides that, "where there are multiple counts of conviction ... contained in different indictments or informations for which sentences are to be imposed at the same time," USSG § 5G1.2, comment, the sentence imposed on each count shall be the total punishment as determined by Part D of Chapter 3 of the guidelines. Because Hardy was sentenced for the Texas convictions and the California conviction in the same proceeding, the district court was required to calculate a single combined offense level and guideline range. See United States v. Greer, 91 F.3d 996, 1000 (7th Cir.1996); United States v. Hernandez-Coplin, 24 F.3d 312, 318 (1st Cir.1994). Accordingly, we vacate Hardy's sentences and remand for resentencing.
 We express no opinion with regard to the Government's argument that, on remand, the district court can schedule the sentencings in different proceedings and then impose exactly the same sentence, or alternatively, can simply deny a downward adjustment for substantial assistance, achieving the same result. These issues are not ripe for review at this time.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 
 
 
 *
 The Honorable Robert J. Bryan, District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3