UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 28, 2006
Decided April 12, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-3322

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| v. | No. 02 CR 1272-1 |
| JOHN HOPKINS, *Defendant-Appellant.* | George W. Lindberg, *Judge* |

**ORDER**

John Hopkins pleaded guilty to one count of bank robbery, *see* 18 U.S.C. § 2113(a), and was sentenced to 71 months' imprisonment to run consecutively to a seven-year term of imprisonment on unrelated, state robbery charges, followed by three years' supervised release to run consecutively to his federal term of imprisonment. On appeal Hopkins challenges the district court's decision to impose his federal sentence consecutive to his undischarged state sentence. Because the district judge exercised his discretion when he declined Hopkins's request for a partially concurrent sentence, we affirm.

Hopkins robbed the Guaranty Bank in Matteson, Illinois, in December of 2002 by passing a demand note to the bank teller and then threatening to "shoot" or "kill" her if she did not comply. Hopkins was identified a few days later and

charged by complaint in the Northern District of Illinois, but he was not immediately apprehended. Approximately three months later, Hopkins and an accomplice robbed two retail stores in Lake County, Indiana.[1] Hopkins was arrested the next day in Lake County in connection with those robberies. Lake County prosecutors charged him with two counts of robbery, and in September 2003 he pleaded guilty to one count of robbery and was sentenced to seven years' imprisonment. In December 2003, while serving that time, Hopkins filed a *pro se* motion in federal court demanding a speedy trial on the bank robbery charge. In February 2004, a federal grand jury in the Northern District of Illinois charged Hopkins with robbery of the federally insured Guaranty Bank. Soon after, he was transported to that district, and in May 2004 he pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a).

Prior to sentencing Hopkins objected to the guidelines calculations contained in the presentence investigation report and to the recommended sentence. In calculating Hopkins's offense level, the probation officer assessed a three-level increase to Hopkins's base offense level of 22 because a bank teller had said that Hopkins was armed during the robbery, *see* U.S.S.G. § 2B3.1(b)(2)(E), which resulted in a total offense level after reduction for acceptance of responsibility of 22. Hopkins objected that he never really had a firearm but conceded that by advising the teller that he was armed he could be assessed a two-level increase under § 2B3.1(b)(2)(F). The sentencing judge found that Hopkins did not have a firearm during the robbery but only made a "threat of death," *compare* § 2B3.1(b)(2)(E) *with* § 2B3.1(b)(2)(F), and corrected the presentence investigation report to reflect a total offense level of 21 and criminal history category of IV. A guidelines imprisonment range of 57 to 71 months resulted.

Hopkins also requested that the judge impose his federal sentence to run partially concurrent to his undischarged state sentence. *See* U.S.S.G. § 5G1.3(c). He argued that, if his federal sentence ran consecutively to his seven-year state term of imprisonment, he would serve "an appreciably greater period" of incarceration than he would if the three robberies had been joined for prosecution in the same jurisdiction. He also contended that, because the federal government knew about his involvement in the Illinois bank robbery at the time of his Indiana arrest but waited 17 months to petition for federal custody, his federal prison sentence should be crafted to reflect the time already served. The district court rejected Hopkins's arguments. After review of Hopkins's record, the court noted that Hopkins's criminal history category seriously underrepresented his propensity toward criminal conduct and imposed a 71-month term of imprisonment, at the top

---

[1]Although the record discloses that either Hopkins and/or his accomplice were armed, Indiana charged Hopkins with only robbery.

of the guidelines range; the court made the term fully consecutive to the state sentence.

On appeal Hopkins contends that the district court erred when it declined to accede to his wishes that his federal sentence run partially concurrent to his state sentence. Although his position is difficult to discern from his brief, he seems to press two overlapping theories.

Hopkins first argues that when determining whether to run his federal sentence partially concurrent to his undischarged state sentence the district court was obligated to consider the guidelines range that would have applied if all three robberies had been joined for prosecution in federal court. The court was then required, according to Hopkins, to impose a sentence that would result in his serving an overall term of imprisonment for both the federal and state convictions no greater than the guidelines maximum for the hypothetically grouped offenses. Somehow he contends that any combined state and federal term of imprisonment in excess of the guidelines range for the hypothetically grouped offenses results in an unauthorized "upward departure." This argument, which was the focus of his oral argument, conflates the grouping provisions of the guidelines, *see* U.S.S.G. §§ 3D1.2 to 3D1.5, with the provision applicable to sentencing a defendant already subject to another, undischarged term of imprisonment, *see id.* § 5G1.3(c).

Hopkins's second theory is the basic § 5G1.3(c) argument he raised in the trial court: the district court should have run his federal sentence partially concurrent to his state sentence "to account for time he already served against the state sentence." As a result of the district court's denial of his request for a partially concurrent sentence, Hopkins contends that he now must serve a greater total period of incarceration than he would have if both prosecutions had been combined in a single federal proceeding.

We review the district court's interpretation of the sentencing guidelines *de novo, United States v. O'Hara*, 301 F.3d 563, 571 (7th Cir. 2002), and its decision to impose a consecutive sentence for abuse of discretion, *id.*; *United States v. Plantan*, 102 F.3d 953, 956 (7th Cir. 1996).

The district court was not required to consider a hypothetical calculation of Hopkins's sentence under §§ 3D1.2 to 3D1.5, nor was it required to impose a prison term that approximates the total combined sentence he would have received had he been prosecuted in federal court for one bank robbery and two retail robberies at the same time. The government charged Hopkins only with one count of bank robbery. The grouping provisions of the guidelines *never* apply unless there are "multiple counts" of conviction in the federal prosecution. U.S.S.G. § 3D1.1, introductory cmt. (2003); *see* U.S.S.G. § 1A1.1 cmt. n.1; *United States v. Dvorak*, 115

F.3d 1339, 1343 (7th Cir. 1997). Indeed, even if the robberies of the bank in Illinois and the two stores in Indiana had been charged together in one federal prosecution, Hopkins would not have benefitted from the grouping rules because § 3D1.2 specifically excludes grouping offenses like robbery that are sentenced under § 2B3.1. *See* U.S.S.G. § 3D1.2(d). Moreover, "the district court [was] not required to consider, much less impose, a sentence on a [prisoner] incarcerated for a prior crime which approximates the total combined sentence [he] would have received had he been sentenced for the current and prior offense at the same time." *Dvorak*, 115 F.3d at 1344 (citing *United States v. Greer*, 91 F.3d 996, 1001 (7th Cir. 1996)).

Similarly, the district court was not required to reduce Hopkins's sentence much less apply a partially concurrent sentence to account for the time Hopkins served in state custody prior to the federal prosecution. Two circuits have concluded that a sentence below the guidelines range might be appropriate when the government's delay in prosecution was in bad faith or unreasonably long such that it resulted in a "missed opportunity" to request concurrent sentencing. *See United States v. Los Santos*, 283 F.3d 422, 428-29 (2d Cir. 2002); *United States v. Saldana*, 109 F.3d 100, 104 (1st Cir. 1997). We need not consider this question because Hopkins certainly had ample opportunity to request concurrent sentencing and did so. He also never alleged that the government acted in bad faith. Instead, he merely complains that the district court denied his request for a partially concurrent sentence, but the court would not have been compelled to grant that request even if the prosecution for bank robbery had commenced sooner. *See* 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3(c).

As Hopkins acknowledged in his plea agreement, the only section of the guidelines relevant to the district court's decision to run his federal sentence consecutively to his state sentence is § 5G1.3(c). Section 5G1.3(c) gave the district court broad discretion to order Hopkins to serve his federal sentence "concurrently, partially concurrently, or consecutively to [a] prior undischarged term of imprisonment" so long as the sentence "achieve[s] a reasonable punishment for the *instant* offense." *See* U.S.S.G. § 5G1.3(c) (emphasis added). Because Hopkins's sentence was within the properly calculated guidelines range, it is presumptively reasonable. *See United States v. Lopez*, 430 F.3d 854, 856-57 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). The district court was not required to accept Hopkins's argument for imposing a discretionary sentence below the guidelines range, *see United States v. Gipson*, 425 F.3d 335, 337 (7th Cir. 2005), nor was it required to run Hopkins's federal sentence concurrently to his undischarged state sentence, *see O'Hara*, 301 F.3d at 571. Thus the district court did not abuse its discretion when it declined to run Hopkins's federal sentence concurrently to his undischarged state sentence.

AFFIRMED.