45 F.3d 432
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David L. GOUDY, Defendant-Appellant.
 No. 94-1273.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 22, 1994.
Decided Jan. 6, 1995.
 
 Before FERGUSON,* RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 David L. Goudy appeals his conviction and sentence for four counts of bank fraud, 18 U.S.C. Sec. 1344, challenging that the district court (1) violated his Sixth Amendment right to a fair and representative jury, (2) erred in its evidentiary rulings, and (3) erred in its upward departure from the Sentencing Guidelines. We affirm in part, reverse in part, and remand.
 
 I.
 
 2
 Goudy argues that the district court erred by refusing to admit statistical evidence to support his Sixth Amendment claim that he was denied his right to a fair and representative jury. Goudy contends that he had a right to have at least one member of his race on his petit jury. Goudy had neither the right to a petit jury with at least one African-American member nor to a petit jury which fairly represented a cross-section of the community. Holland v. Illinois, 493 U.S. 474, 477-78 (1990).
 
 
 3
 Goudy did have a right, pursuant to the Sixth Amendment, to a jury venire composed of a fair cross-section of his community. Id. However, to establish a prima facie violation of the Sixth Amendment, Goudy was required to show:
 
 
 4
 (1) that the group alleged to be excluded is a distinctive group in the community;
 
 
 5
 (2) that the representation of this group in the venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community;
 
 
 6
 (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.
 
 
 7
 Duren v. Missouri, 439 U.S. 357, 364 (1979). See also United States v. McAnderson, 914 F.2d 934, 941 (7th Cir.1990). Goudy's only offer of proof was evidence that the composition of his petit jury was statistically unlikely given the composition of his community. Such statistical evidence may suffice to establish the second element of the test, but it is inadequate to demonstrate the third element, systematic exclusion. Davis v. Warden, Joliet Correctional Inst. at Stateville, 867 F.2d 1003, 1015 (7th Cir.1989), cert. denied, 493 U.S. 920 (1989). Because Goudy's claim rests on his contention that he had a right to have one member of his race on his jury and because Goudy failed to establish a prima facie case showing a Sixth Amendment violation, his appeal on this ground must fail. We affirm the district court's conviction.
 
 II.
 
 8
 Goudy also makes several evidentiary challenges to his sentence. Goudy argues that the district court erred by excluding evidence proffered to show reasonable reliance on the part of Citibank. Goudy was charged under 18 U.S.C. Sec. 1344 which does not establish "reasonable reliance" as an element of bank fraud. 18 U.S.C. Sec. 1344. The district court, therefore, did not err by excluding evidence of Citibank's reliance. Goudy also contends that the government provided insufficient evidence to prove the charge of bank fraud. When reviewing the sufficiency of the evidence, we must look at it in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Smith, 995 F.2d 662, 667 (7th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 718 (1994). Proof of a check kiting scheme is sufficient to sustain a conviction of bank fraud, and the government demonstrated that Goudy had created a check kiting scheme. The government provided sufficient evidence to sustain the conviction.
 
 
 9
 Finally, Goudy argues that the district court erred 1) in admitting evidence of prior convictions and 2) in refusing to admit hearsay statements showing Goudy's intent to repay Citibank. We review the district court's rulings for abuse of discretion. United States v. Rivera, 6 F.3d 431, 442 (7th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1098 (1994). Because Goudy's prior convictions were sufficiently similar to the bank fraud with which he was being charged, the district court did not err in admitting evidence of the prior convictions. Fed.R.Evid. 404(b); United States v. Hudson, 884 F.2d 1016, 1018-1019 (7th Cir.1989), cert. denied, 496 U.S. 939 (1990). Goudy's statements made to the Citibank investigator after his fraud was discovered did not fall within any of the exceptions to the hearsay rule. Fed.R.Evid. 802, 803. The district court was correct in prohibiting their admission and we affirm.
 
 III.
 
 10
 Goudy also argues that the district court erred in computing his sentence under the sentencing guidelines. U.S.S.G. Secs. 4A1.3, 5G1.3 (Nov. 1993). Goudy was sentenced on January 21, 1994. On November 1, 1992, Guideline provision 4A1.3 was amended. Goudy's sentence must be remanded to the district court for sentencing in conformity with the amended Sec. 4A1.3.
 
 
 11
 In addition, the district court was insufficiently clear in its reasons for imposing a consecutive instead of a concurrent sentence under Guideline Sec. 5G1.3. We also remand for clarification on this ground. AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 The Honorable Warren J. Ferguson, Senior Circuit Judge for the United States Court of Appeals for the Ninth Circuit, is sitting by designation