UNITED STATES of America, Plaintiff–Appellee,

v.

David L. GOUDY, Defendant–Appellant.

No. 95–2215.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 8, 1995.

Decided March 6, 1996.

Rehearing Denied April 3, 1996.

Barry Rand Elden, Chief of Appeals, R. Christopher Cook (argued), Office of the United States Attorney, Criminal Appellate Division, Chicago, IL, James B. Burns, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

David G. Duggan (argued), Chicago, IL, for Defendant–Appellant.

Before WOOD, Jr., FLAUM, and MANION, Circuit Judges.

MANION, Circuit Judge.

David Goudy has a history of defrauding various institutions and serving prison terms for doing so. For Goudy's most recent conviction, the district court sentenced him for as long as the Sentencing Guidelines would permit. The first time Goudy appealed, we remanded because the district court did not clearly articulate its reasons for imposing a consecutive instead of a concurrent sentence as required by United States Sentencing Guidelines (USSG) § 5G1.3, and because it considered an outdated application of § 4A1.3. *United States v. Goudy*, 45 F.3d 432, 1995 WL 7642 **2 (7th Cir.) (unpublished order), *cert. denied*, —— U.S. ——, 115 S.Ct. 1986, 131 L.Ed.2d 873 (1995). On remand, the court stayed within the range specified in the Guidelines, but chose the longest possible period of incarceration available absent a clearly articulated reason for doing otherwise. Goudy is unhappy with the result. He argues the concurrent/consecu-

tive determination is incorrect, the criminal history category is incorrect, and the two-point obstruction enhancement is incorrect. We affirm.

**I.**

In October 1993, a federal jury in the Northern District of Illinois convicted Goudy of four counts of bank fraud. Goudy committed these offenses in 1991, while on early release from two earlier convictions: a 1982 30–year state sentence arising in Florida, and a 1985 15–year federal sentence arising in the Northern District of Illinois. (Goudy was paroled in 1990.) Additionally, earlier in 1993, Goudy had been sentenced by the United States District Court for the Eastern District of Wisconsin to 57 months imprisonment for bank fraud, of which, at the time of his resentencing in the case now before us, Goudy had served 27 months, leaving 30 months of the sentence remaining. In resentencing Goudy for his 1993 federal conviction in Illinois ("Illinois conviction") the district court initially calculated Goudy's offense level at 19, yielding a Guideline range for the new conviction of 37 to 46 months. Since Goudy was already serving a sentence for his federal conviction in Wisconsin ("Wisconsin conviction"), the district court then applied Guideline § 5G1.3 which outlines how to impose a sentence on a defendant subject to an undischarged term of imprisonment.[1] In a case such as this the Guideline calls for a sentence "to run consecutively to the prior undischarged term of imprisonment to the extent necessary" to achieve a reasonable punishment for the latest offense. This involves computing a sentence that approximates the hypothetical situation that would result if all of the federal sentences were imposed at the same time. Pursuant to § 5G1.3, the court computed a hypothetical sentence on the premise that Goudy was being sentenced for both the new federal conviction in Illinois and the previous federal conviction in Wisconsin. The hypothetical sentence resulted in a sentencing range of 63 to 78 months. After

[1]. We note that § 5G1.3, including § 5G1.3(c), at issue here, was altered by the Sentencing Commission effective November 1, 1995. We apply the Guidelines effective November 1, 1994, which were in force at Goudy's resentencing on January 6, 1995. USSG § 1B1.11(a); *United States v. Brassell*, 49 F.3d 274, 277 (7th Cir. 1995).

subtracting the 57–month existing sentence from the maximum hypothetical sentence of 78 months, 21 months are left as the maximum amount of consecutive imprisonment which could be imposed under the methodology outlined in USSG § 5G1.3(c). The district court then sentenced Goudy to 37 months for the Illinois conviction, which was the minimum sentence under the Guidelines. But it then ordered that 21 of those 37 months run consecutive to the 30 months remaining on the Wisconsin sentence. The 16 months left on the Illinois sentence would run concurrently with the 30 months left on the Wisconsin sentence. Confusing as this seems, the district court had it carefully calculated. The total term of imprisonment was 78 months from the date of the original 57–month sentence for the Wisconsin conviction. Not coincidentally, this was the maximum permitted under the Guideline range for the hypothetical sentence.

■ On appeal, Goudy asserts that the district court incorrectly imposed a partially consecutive sentence under § 5G1.3. He also claims that the district court incorrectly determined his criminal history category as Category VI and incorrectly imposed a two-level obstruction of justice enhancement for perjury. We review *de novo* the district court's interpretation of the Sentencing Guidelines. *United States v. Gaines,* 7 F.3d 101, 103 (7th Cir.1993).

## II.

*A. Goudy's Consecutive Sentence Under USSG § 5G1.3*

■ Goudy contends that with 30 months of his Wisconsin sentence remaining, and a Guideline range limit of 46 months on the new conviction, the district court could only have sentenced him to a maximum of 30 months concurrent with his present sentence, with the remaining 16 months to run consecutive to his present sentence. Regardless of what the hypothetical combined range would have been, he insists his total sentence

should be no more than 73 months, 5 months less than he received. Put another way, with 27 months served on his Wisconsin sentence, Goudy argues the district court in effect sentenced him to 51 months (instead of 46 months) to keep him imprisoned to the 78th month from the commencement of his Wisconsin sentence. As the court was limited to 46 months by the Guidelines, Goudy argues that the court in effect departed upward without making the appropriate findings. Of course a concurrent sentence is the equivalent of a sentence of zero, *United States v. McFarland,* 37 F.3d 1235, 1237 (7th Cir. 1994), so the net effect of the court's formula was to provide to Goudy a shorter sentence than that otherwise mandated by the Guidelines for the new offense, in effect giving him a downward departure. (However, neither the government nor Goudy have appealed his sentence as being too short.) Thus the dispute over these confusing and conflicting sentencing formulas involves a period of 5 months in prison.

■ This circuit has recognized the authority of a sentencing court to split a sentence between a concurrent and a consecutive term. *United States v. Hill,* 48 F.3d 228, 233 (7th Cir.1995). In *Hill* we instructed the district court upon reconsideration of a sentence under USSG §§ 7B1.1(a)(2) and 7B1.4(a)[2] "to consider the possibility of making [the defendant's] sentence partly consecutive and partly concurrent as a way of more precisely matching [his] incremental punishment ... to the gravity of his offense...." The authority to do so extends also to a court sentencing pursuant to USSG § 5G1.3(c).

■ Goudy does not argue that his sentence cannot be split. Rather he argues that, if split, his split sentence must run from the date of sentencing. Thus the sentence must run concurrently with the remaining sentence insofar as possible. Only then can any consecutive term of imprisonment be imposed. Goudy raises an interesting issue which in this circuit is apparently one of first impression, although the Second Circuit

---

2. USSG §§ 7B1.1(a)(2) and 7B1.4(a) instruct a sentencing court how to compute and apply concurrent prison sentences for violations of state or federal judicially-imposed supervision. The con-

siderations and difficulties in devising incremental punishment under §§ 7B1.1–7B1.4 and § 5G1.3 are analogous.

touched on the question in *United States v. Whiteley*, 54 F.3d 85, 91 (2d Cir.1995).

We begin our analysis with the text of the relevant Sentencing Guideline:

§ 5G1.3. *Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment*

(a) If the instant offense was committed while the defendant was serving a term of imprisonment ... the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c) (Policy Statement) In any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment *to the extent necessary* to achieve a reasonable incremental punishment for the instant offense.

USSG § 5G1.3 (emphasis added).

In this case, neither § 5G1.3(a) nor § 5G1.3(b) applies because Goudy's new federal conviction in Illinois is for illegal conduct committed prior to his federal conviction and imprisonment in Wisconsin. Therefore § 5G1.3(c) governs.[3] On its face, § 5G1.3(c) differs from the other § 5G1.3 guidelines. While § 5G1.3(a) mandates a consecutive sentence and § 5G1.3(b) mandates a concurrent sentence, § 5G1.3(c) mandates a consecutive sentence, *"to the extent necessary"* to achieve a reasonable incremental punishment. The phrase "to the extent necessary" suggests that a partially consecutive sentence will, in certain circumstances, be necessary to achieve the "reasonable incremental punishment." Application Note 3 to § 5G1.3(c) advises:

Where the defendant is subject to an undischarged term of imprisonment in circumstances other than those set forth in subsections (a) or (b), subsection (c) applies and the court *shall impose a consecutive sentence to the extent necessary* to fashion a sentence resulting in a reasonable incremental punishment for the multiple offenses. In some circumstances, such incremental punishment can be achieved by the imposition of a sentence that is concurrent with the remainder of the unexpired term of imprisonment. In such cases, a consecutive sentence is not required. *To the extent practicable, the court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under § 5G1.2* (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time....

USSG § 5G1.3, comment. (n. 3) (emphasis added).

Thus, Application Note 3 provides the sentencing court discretion to fashion a reasonable incremental punishment in order to approximate a hypothetical sentence for both offenses as if they were being imposed at the same time.

That is exactly what the district court did here when it calculated Goudy's hypothetical sentence of 63 to 78 months. Here the district court attempted to hit the high end of the range for the hypothetical sentence. It did this by fashioning a partially consecutive sentence that when taken with the 57–month sentence for the Wisconsin conviction, resulted in a total combined sentence of 78 months. This was in fact the high end of the hypothetical combined sentence range as computed pursuant to Application Note 3.

Goudy's challenge to how the sentencing court split his sentence focuses on the fact

---

3. While § 5G1.3(c) identifies itself as a "policy statement," we have recently held, also with reference to § 5G1.3, that "when a policy statement interprets a guideline and 'tell[s] the sentencing judge *how* to determine the applicable guideline range,' the policy statement retains its 'authoritative character.'" *United States v. Sorensen*, 58 F.3d 1154, 1158 (7th Cir.1995), *quoting United States v. Hill*, 48 F.3d 228, 231 (7th Cir.1995) (emphasis supplied in *Sorensen* ).

that 16 months of his new sentence will run concurrently with the 30 months remaining on the original 57–month sentence for the Wisconsin conviction. The 21–month consecutive sentence begins when that 30 months expires. This creates a situation in which his concurrent sentence either does not begin until 14 months from the sentencing date for his new Illinois conviction, or the sentence runs concurrently for 16 months, stops for 14 months, and then resumes consecutively for the 21–month consecutive term. Goudy implicitly argues that in order to provide the additional 21–month consecutive sentence necessary to reach the hypothetical combined sentence of 78 months, the court must depart upward and sentence Goudy to 51 months, 30 concurrent with the remainder of his present sentence and 21 consecutive, or must depart downward and sentence Goudy to 21 months, all consecutive.

We disagree. Neither the language of § 5G1.3(c) nor the commentary requires a court to sentence a defendant to a concurrent term insofar as possible, and then, and only then, to a consecutive term. Goudy's sentence was entirely within the district court's authority to fashion an appropriate sentence for arriving at the hypothetical target sentence. While we may be the first circuit court to uphold such a sentence, as noted above the Second Circuit discussed this issue in *United States v. Whiteley* stating that

> [t]he General Counsel of the Sentencing Commission has suggested that a court might impose a partially concurrent sentence commencing at a future date when neither a consecutive nor a concurrent sentence would result in the appropriate punishment.... [Letter of John R. Steer, General Counsel, United States Sentencing Commission, to Tony Garoppolo, Deputy Chief U.S. Probation Officer, United States District Court for the Eastern District of New York 7–9 (Jan. 6, 1994) (sub-

mitted in [the Second Circuit's] record on appeal) ].

54 F.3d at 90–91. This is, in effect, how the district court below sentenced Goudy, and the General Counsel's views provide additional support for our textual reading of § 5G1.3(c).

■ Moreover, the United States Sentencing Commission's most recent Guideline amendments now explicitly permit what we hold the previous Guideline implicitly permitted—the fashioning of a sentence that results in what appears to be a delay in commencement of the concurrent sentence in order to arrive at the appropriate consecutive sentence. Specifically, USSG § 5G1.3(c) now provides: "In any other case, the sentence for the instant offense may be imposed to run concurrently, *partially concurrently*, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(c) (November 1, 1995) (emphasis added). The amended commentary now explicitly permits the sentencing court to specify a date for the commencement of a partially concurrent sentence. *Id.*, comment. (n. 4(B)). This allows a shorter concurrent sentence to neatly fit into an existing term of imprisonment before the commencement of a consecutive term. While the sentencing court applies the Guidelines in effect on the date of sentencing, "the court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes." USSG § 1B1.11.[4] As the recent amendment clarifies, the court was within the mandate of the Guidelines in tacking 21 months onto Goudy's 57–month sentence for the Wisconsin conviction, leaving the remaining 16 months to run concurrently with the 30–month balance of that sentence.

■ Even if we agreed with Goudy and reversed and remanded because the district

---

4. The Commentary refers to the changes to § 5G1.3(c) as "afford[ing] the sentencing court additional flexibility," USSG § 5G1.3, comment. (backg'd.) (November 1, 1995). However, the authority for the court to construct such a sentence derives from the 1984 passage of 18 U.S.C. § 3584(a) which, the Commentary to the amendment notes, Congress contemplated "would al-

low imposition of partially concurrent sentences, in addition to fully concurrent or consecutive sentences." USSG App. C, amendment 535. Thus, the 1995 amendment to § 5G1.3(c), rather than expanding the authority of sentencing courts, merely clarifies authority already possessed pursuant to 18 U.S.C. § 3584(a).

court lacked the authority under the November 1, 1994 version of the Guidelines to arrive at Goudy's sentence as it did, the applicable Guidelines on resentencing, the new November 1, 1995 version of the Guidelines, would, subject to *ex post facto* review (*see* USSG § 1B1.11(b)(1)), explicitly permit the court to resentence Goudy in exactly the same manner. This court has previously held that the 1994 version of USSG § 5G1.3 permitted the court to retain its discretion to sentence consecutively when it stated its reasons why the methodology under the Guideline did not yield an appropriate incremental punishment. *United States v. Brassell*, 49 F.3d 274, 279 (7th Cir.1995). This was true even where the combined sentence turned out to be longer than the hypothetical sentence for both crimes. This would not be considered an upward departure. *Id.*, n. 3. Under this option, the district court here could have ordered that the entire 37–month sentence for the Illinois conviction run consecutive to Goudy's existing 57–month sentence (providing the court articulated its reasons for doing so). This would have resulted in a combined sentence of 94 months without requiring an upward departure. Therefore, were the district court to resentence him exactly as it did, no *ex post facto* violation would occur because Goudy would be exposed to a sentence no longer than the one he faced under the Guidelines in effect at the time of his conviction.

### B. *Criminal History Category VI*

Goudy also argues that the district court erred in computing his criminal history category under USSG § 4A1.2. The district court calculated Goudy's criminal history category at VI based in part on Goudy's 1985 Illinois conviction and his 1982 Florida conviction. In 1985, Goudy was sentenced to 15 years for conspiracy and bank larceny, crimes which took place from 1979 until February 1981. In 1982, Goudy had been sentenced to 30 years for grand theft and organized scheme to defraud, crimes which took place in November of 1981. Goudy argues the two crimes are a "related case" because they were not separated by an intervening arrest. According to Goudy, the two convictions thus should not be considered as separate offenses for the sake of computing criminal history under USSG § 4A1.2

■ Goudy did not raise this issue before the district court or on his initial appeal to this court. Accordingly, he has twice waived the argument and it is reviewed for plain error only. *United States v. Wallace*, 32 F.3d 1171, 1174 (7th Cir.1994).

■ Sentencing Guideline § 4A1.2(a)(2) provides that prior sentences in unrelated cases be considered separately. In arguing that the two offenses must be considered as related, Goudy directs us to one part of the Guidelines focusing on intervening arrests as determining whether two crimes have occurred: "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest." USSG § 4A1.2, comment. (n. 3). Goudy argues this requires the inverse, that prior sentences be considered related if they were *not* separated by an intervening arrest. Besides being illogical, Goudy's argument ignores the rest of the appropriate Guideline, specifically the text of § 4A1.2(a)(2), which provides that "prior sentences imposed in unrelated cases are to be counted separately," as well as the balance of Application Note 3 which requires offenses be considered related *only* if they (1) occurred on the same occasion, (2) were part of a single common plan or scheme, or (3) were consolidated for trial or sentencing. USSG § 4A1.2, comment. (n. 3). The district court did not err when it declined to consider two distinct crimes, committed in two different states, prosecuted by two different sovereigns three years apart, as the same crime for purposes of criminal history category. We therefore affirm the district court's determination of Goudy's criminal history category.

### C. *Obstruction of Justice Enhancement*

■ Finally, Goudy challenges the two-level obstruction of justice enhancement for perjury imposed by the district court both in Goudy's original sentence and at his resentencing. This issue was fully briefed before this court in the earlier appeal of Goudy's sentence. We remanded for resentencing or reconsideration of two specific

316

Guidelines issues. This was not one of them. Therefore, the issue has been considered and decided by this court already and reconsideration is barred by both the mandate rule and the law of the case doctrine. Title 28 U.S.C. § 2106 authorizes general or limited remands to the district courts. *United States v. Young*, 66 F.3d 830, 835 (7th Cir.1995). We may "limit a [sentencing] remand to specific issues or to order complete resentencing." *United States v. Polland*, 56 F.3d 776, 777 (7th Cir.1995). On remand, the mandate rule requires that the district court adhere to our directives. *Id.* In any event, the district court relied upon the "specifications of perjury that [were contained within] the government's version attached to the presentence report and accepts those as accurate representations of perjury." The fact that the court may have mistakenly found an additional instance of perjury, as argued by Goudy, does not negate the court's explicit reliance on those contained within the presentence report.

### III.

Accordingly, the district court's sentence of David Goudy is AFFIRMED.