**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 96-4902

KEITH ERIC SAUNDERS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 96-4932

TYRONE MCNEIL,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Greensboro.
James A. Beaty, Jr., District Judge.
(CR-95-251)

Submitted: April 14, 1998

Decided: August 25, 1998

Before NIEMEYER and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Stuart Bruce, Acting Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina; Walter T. Johnson, Jr., Greensboro, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, Richard S. Glaser, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Keith Eric Saunders and Tyrone McNeil pled guilty to conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base ("crack"), in violation of 21 U.S.C.§§ 841(a)(1), (b)(1)(A), 846 (1994). The district court sentenced Saunders to serve 262 months imprisonment to be followed by a five-year supervised release term. Based on the Government's motion for substantial assistance, the district court sentenced McNeil to serve 128 months' imprisonment with five years' supervised release. Saunders and McNeil appeal their sentences. Finding no error, we affirm.

Saunders and McNeil, along with co-conspirator Karl Brustmeyer, engaged in a drug trafficking conspiracy, in which they traveled to New York to purchase cocaine hydrochloride and returned to Greensboro, North Carolina, where the cocaine hydrochloride was "cooked" into crack cocaine. Saunders and McNeil then distributed the drugs to others in the Greensboro area.

Pursuant to valid search warrants, officers searched Brustmeyer's residence, recovering approximately 359 grams of cocaine hydrochloride and ninety-one grams of crack cocaine, along with $2780 in cash,

2

numerous papers and photographs belonging to Saunders, and a photograph of Brustmeyer and McNeil brandishing handguns. The search of McNeil's residence resulted in the recovery of $2080 in cash, approximately twenty-eight grams of cocaine hydrochloride, and a handgun. The officers recovered an additional five grams of crack cocaine and $3237 in cash from McNeil's person. McNeil admitted ownership of the handgun, and to all of the cocaine found on his person and in his residence.

On appeal, Saunders asserts that in calculating the quantity of drugs for which he was held accountable, the district court considered amounts to which he allegedly had no connection and which were outside the scope of his agreement, and thus were not foreseeable to him. We disagree. For sentencing purposes, the Government need only establish quantity by a preponderance of the evidence.[1] In a conspiracy case, the court looks to "the quantity of[drugs] reasonably foreseeable to each coconspirator within the scope of his agreement."[2] Determinations regarding reasonable foreseeability and quantity of drugs are factual findings reviewed for clear error. [3]

We find that a preponderance of the evidence supports the district court's quantity calculation. The Government's burden to prove drug quantity can be met in the following ways: by the defendant's acknowledgment at the Rule 11 colloquy, or at sentencing, that the amount attributed to the conspiracy as a whole is the correct amount attributable to him; or, by the defendant pleading guilty to an indictment that attributes a specific quantity of drugs to him; or, by stipulation of the parties that the court determines to have a reasonable factual basis; or by introducing evidence at sentencing that sufficiently established the quantity attributable to the defendant.[4]

_____

[1] See United States v. Williams , 986 F.2d 86, 90 (4th Cir. 1993).

[2] United States v. Irvin, 2 F.3d 72, 78 (4th Cir. 1993); see also USSG § 1B1.3(a)(1)(B) ("all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity" are taken into account when determining relevant conduct under the guidelines).
[3] See United States v. Banks, 10 F.3d 1044, 1057 (4th Cir. 1993).

[4] See United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993).

The factual basis supporting Saunders's guilty plea held him accountable for a specific quantity of drugs. Saunders's presentence report indicated which drug amounts were attributed to Saunders individually, rather than the conspiracy as a whole. Saunders offered no objections at sentencing to the factual basis supporting his plea. Therefore, we find the district court's factual findings regarding the quantity of drugs for which Saunders would be held accountable were not clearly erroneous, and we affirm.

Saunders also asserts that the Government failed to prove by a preponderance of the evidence that the cocaine base involved in his case was crack rather than another form of cocaine base. We find this claim meritless. Saunders did not present any evidence at sentencing that the substance involved was anything other than crack cocaine. Saunders pled guilty to conspiracy to possess with the intent to distribute cocaine hydrochloride and cocaine base ("crack"). The factual basis supporting Saunders's guilty plea characterized the form of cocaine base involved as crack. Further, there was testimony that the cocaine base met the physical description of crack cocaine. Accordingly, we find that the Government proved by a preponderance of the evidence that the form of cocaine base at issue was indeed crack cocaine.

Next, Saunders contends that in imposing his federal sentence, the district court failed to consider the undischarged state sentence to which he was also subject.[5] Legal issues involving the application of the guidelines are reviewed de novo.[6] When a defendant is already subject to an undischarged term of imprisonment, the sentencing guidelines provide some direction.[7] Because Saunders was not serving any portion of the undischarged state sentence when the current offense was committed and because his earlier offense was not taken

_____

[5] The district court imposed Saunders's 262-month sentence without specifying whether the federal sentence was concurrent with or consecutive to Saunders's undischarged state sentence. Without such a specification, since the state and federal terms were imposed on different occasions, the federal sentence is consecutive to his state sentence. See 18 U.S.C. § 3584(a) (1994).

[6] See **United States v. Puckett**, 61 F.3d 1092, 1097 (4th Cir. 1995).

[7] See USSG § 5G1.3.

4

into account in determining his offense level, he should have been sentenced according to the catch-all provision of USSG 5G1.3(c), which provides that Saunders's federal sentence "may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."[8]

The sentencing guidelines provide that, in structuring a sentence for defendants who are subject to an undischarged sentence, a district court should consider the sentencing factors in 18 U.S.C. § 3584 (1994) (which references 18 U.S.C. § 3553(a) (1994)), as well as the type and length of the undischarged sentence, the time likely to be served on that sentence, whether the undischarged sentence was imposed in a different court or on a different occasion, and "any other circumstance relevant to the determination of an appropriate sentence."[9] The guidelines direct that the court should consider the relevant sentencing factors to "achieve a reasonable punishment and avoid unwarranted disparity."[10] However, the guidelines do not provide any specific instructions regarding what the district court must do to comply with the dictate that the court consider the factors identified in the commentary. Here, the district court stated that it would take the state sentence into consideration, and the court sentenced Saunders to the lowest sentence available under the applicable guidelines range. Accordingly, we find that the district court did not abuse its discretion in imposing the federal sentence to run consecutively to the state sentence.

McNeil contends that the Government failed to prove by a preponderance of the evidence that his firearm, which was found under his bed, was used in connection with any illegal drug activity. The enhancement for weapon possession by drug traffickers "should be

_____

[8] The district court applied the 1995 version of the guidelines. Although Appellants cite the 1994 version in their brief, they did not object to the use of the 1995 version. In any event, we conclude that the district court did not err in applying the 1995 version. See United States v. Covert, 117 F.3d 940, 944 (6th Cir. 1997); United States v. Goudy, 78 F.3d 309, 314-15 (7th Cir. 1996).
[9] USSG § 5G1.3, comment. (n.3).
[10] Id.

5

applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."**11** We review the application of the two-level weapon enhancement for clear error.**12**

McNeil admitted that the gun and the drugs found in his home and on his person belonged to him. There was evidence that drug trafficking occurred in McNeil's home. Therefore, it is not clearly improbable that the weapon was connected with the offense. Accordingly, we find that the district court did not clearly err in enhancing McNeil's sentence for weapon possession under the guidelines. **13**

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**11** USSG § 2D1.1(b)(1), comment. (n.3).
**12** **See United States v. Rusher**, 966 F.2d 868, 880 (4th Cir. 1992).
**13** **See Rusher**, 966 F.2d at 880-81.

6