165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Christopher M. DUGUAY, Defendant-Appellant.
 No. 97-1570.
 United States Court of Appeals, Seventh Circuit.
 Sept. 25, 1998.
Rehearing and Suggestion for Rehearing En Banc Denied Nov. 25, 1998.
 
 Appealed from the United States District Court for the Southern District of Illinois, No. 94 CR 30044. William D. Stiehl, Judge.
 
 
 1
 Before Hon. MICHAEL S. KANNE, Hon. DIANE P. WOOD, Hon. WALTER J. SKINNER, District Judges.[1]
 
 ORDER
 
 2
 In United States v. Duguay, 93 F.3d 346 (7th Cir.1996), this court considered Christopher Duguay's appeal from his conviction and sentence on two counts of a three count indictment. He had been convicted for possession of cocaine with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) (Count I), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count III). The district court sentenced him to life imprisonment without possibility of release for Count I and to a concurrent term of 120 months for Count III (along with a fine of $3,000). Because we concluded that the district court had erred in refusing to suppress certain evidence, we vacated his conviction on Count I; we expressly affirmed the conviction on Count III. Onremand to the district court, the government dismissed Count I on its own motion, and the case proceeded to re-sentencing on Count III. The district court again sentenced Duguay to 120 months' imprisonment and three years of supervised release for that offense.
 
 
 3
 Duguay has now appealed from his new sentence, but he has also included a number of points in his second appeal that are foreclosed by the scope of our remand. The remand order was specifically limited to the need for a new trial on Count I--a concern that is now moot in light of the government's decision to dismiss that count. It did not authorize new attacks on the legitimacy of the conviction on Count III. See, e.g., United States v. Parker, 101 F.3d 527 (7th Cir.1996). It therefore follows that Duguay's efforts to argue (1) that the trial court erred in overruling his motion to suppress certain statements, (2) the court should have suppressed evidence of the gun used to support the conviction on Count III, (3) the court should have suppressed Duguay's own statement as the direct and proximate result of an unlawful search, and (4) the evidence was insufficient to prove that Duguay had possession of the gun, are all out of place. As the government correctly points out, Duguay raised none of these arguments against the conviction on Count III in his original appeal, nor did our order remanding the case authorize the district court to re-open these points. It is too late now for Duguay to present them to us. See generally United States v. Goudy, 78 F.3d 309, 315-16 (7th Cir.1996).
 
 
 4
 That leaves his fifth and sixth arguments on appeal in the present case. In point five, he claims that he received ineffective assistance of counsel in his first direct appeal, and in point six, he argues that the district court improperly applied the Sentencing Guidelines in computing his sentence on the gun charge. We have time and again pointed out how difficult it is to prevail on a claim of ineffectiveness of counsel on a direct appeal, before a defendant has had the opportunity to expand the record to see why counsel may have made the choices he or she did. See, e.g., United States v. Brooks, 125 F.3d 484, 495 (7th Cir.1997); United States v. Jackson, 33 F.3d 866, 875 (7th Cir.1994). Here, that task seems especially hard, as new counsel admits that Duguay's first lawyer "won a glorious victory" for his client after the first appeal, which after all eliminated his sentence of life imprisonment and left him with 120 months--not an inconsequential amount of time, granted, but considerably less than life (especially in view of the fact that Duguay was born in 1971). Duguay's present lawyer has addressed the question of the timing of this claim in his brief, however, and has made the conscious decision to press the point now.
 
 
 5
 Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a criminal defendant cannot prevail on a claim of ineffective assistance of counsel unless he shows both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance resulted in prejudice to him. Whatever we may think of the prejudice element here, cf. United States v. Jones, 152 F.3d 680, 1998 WL 461929 (7th Cir., decided Aug. 10, 1998); Holman v. Page, 95 F.3d 481 (7th Cir.1996), it is plain that Duguay cannot demonstrate that his first lawyer's performance was deficient. On this record, it is impossible to conclude anything but that the first lawyer made a strategic decision about his best arguments on appeal--a step we encourage all lawyers to take in evaluating appeals--and pushed them. The lawyer's decision was rewarded with considerable success. Duguay's assertion of ineffective assistance of counsel is therefore meritless.
 
 
 6
 That leaves Duguay's argument about the sentence he received on remand for Count III. Although we have the authority to review a claim that a sentence was imposed as a result of an incorrect application of the sentencing guidelines, see 18 U.S.C. § 3742(a)(2), our review in such cases is deferential, see id. § 3742(e). The basic guideline governing the offense of being a felon in possession of a firearm is found at U.S.S.G. § 2K2.1, which sets forth in subsection (a) a range of base offense levels that increase roughly depending on how many prior felony convictions the person had and their nature, and provides for add-ons in subsection (b) based on the number of firearms and other specific offense characteristics. However, § 2K2.1(C) specifically addresses the question of cross-references to other guidelines, and it is this provision that the district court deemed most applicable. That subsection reads as follows:
 
 
 7
 (c)(1) If the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense, or possessed or transferred a firearm or ammunition with knowledge or intent that it would be used or possessed in connection with another offense, apply -
 
 
 8
 (A) § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above; or
 
 
 9
 (B) if death resulted, the most analogous offense guideline from Chapter Two, Part A, Subpart 1 (Homicide), if the resulting offense level is greater than that determined above.
 
 
 10
 Following the recommendation in the Presentence Report, the district court concluded that Duguay's own statement that he had possessed the firearm in question in connection with his transfer of approximately seven grams of crack cocaine for the semi-automatic weapon established that he had "used or possessed" the firearm in connection with the commission or attempted commission of another offense. In Smith v. United States, 508 U.S. 223, 228-30, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993), the Supreme Court held that a defendant has "used" a weapon if she makes it an item of barter to obtain narcotics. See also Bailey v. United States, 516 U.S. 137, 146, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) (including barter in the definition of conduct that amounts to active use of a firearm, as opposed to mere possession). This finding is one of fact, and it is not clearly erroneous.
 
 
 11
 Under § 2K2.1(c)(1)(A), the court therefore had to refer to § 2X1 .1 to see whether Duguay's offense level would be higher under the drug guidelines. Under the 1995 edition of the Guidelines, which applied to this case, Duguay would have had a base offense level of 24 without the cross-referencing. Cross-referencing to § 2X1.1 leads one to § 2D1.1(c)(7), under which Duguay's admitted possession of seven grams of crack cocaine gave him a base offense level of 26. Because he possessed a dangerous weapon during the drug transaction, the court increased the level by two pursuant to § 2D1.1(b)(1), making it a 28. Duguay was not entitled to any specific offense reduction under § 2X1.1 (because the court agreed with the PSR that he had completed all the acts necessary for successful completion of the substantive offense). With a Criminal History category III, that produced a final sentencing range of 97-120 months, and Duguay's ultimate sentence of 120 months.
 
 
 12
 Duguay argues that he did not have the gun until after he handed over the seven grams of crack cocaine in exchange for it, which he reasons means that he could not have possessed the gun in connection with the commission of any other offense. With all due respect, we find this an untenably narrow reading of the "connection" requirement, which the district court properly rejected. The barter of the gun for drugs is a transaction that must be viewed as a whole, and viewed that way, Duguay was doing more than illegally possessing a gun as a convicted felon. He possessed the weapon in connection with the drug transaction, and the district court properly worked its way through the Sentencing Guidelines to compute his offense level.
 
 
 13
 We therefore AFFIRM the judgment of the district court.
 
 
 
 [1]
 Honorable Walter Jay Skinner, United States District Judge for the District of Massachusetts, sitting by designation