

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2007

# USA v. White

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3122

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. White" (2007). *2007 Decisions*. Paper 50.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/50

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 06-3122

—————

UNITED STATES OF AMERICA

v.

JIMMY K. WHITE,
                              Appellant

—————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 06-cr-00134)
District Judge: The Honorable Joseph E. Irenas

—————

Submitted Under Third Circuit LAR 34.1(a)
November 27, 2007

—————

Before: BARRY, FUENTES and GARTH, Circuit Judges

(Opinion Filed: December 18, 2007)

—————

OPINION

—————

BARRY, Circuit Judge

        Jimmy White appeals the 188-month sentence imposed on him for car-jacking,

claiming that the District Court erred in sentencing him as a "career offender." White

argues that the two prior convictions underlying his career offender status had been

consolidated for sentencing, and thus should have been counted as only a single conviction for Guidelines purposes because, although two sentences were imposed, they were imposed by the same judge, on the same day, in a single proceeding, and were ordered to be served concurrently. We will affirm.

## I.

On October 9, 1994, a 16-year old female called the Jersey City Police Department to report that White had just sexually assaulted her. The police immediately transported the girl to a hospital for a medical examination and conducted a search of White's residence with the consent of his mother, with whom he lived. Later that day, a warrant was issued for White's arrest for the crimes of sexual assault, endangering the welfare of a minor, and child abuse. White evaded arrest on these charges until February 18, 1997, when he was arrested minutes after he and three other men robbed and assaulted a man on a street in Jersey City. While the police were processing White for the robbery, it was discovered that there was an outstanding warrant for his arrest on the 1994 sexual assault.

The cases were assigned separate criminal docket numbers. White pleaded guilty to both crimes on the same day, before the same judge. He was sentenced in a single proceeding several months later to a seven-year sentence for each crime with the sentences to be served concurrently. A $50 assessment on the sexual assault conviction and a $100 assessment on the robbery conviction were also imposed. An order formally consolidating the cases was never entered.

Approximately eight years later, on May 15, 2005, White became involved in an

altercation with a man outside of a bagel store in Jersey City after the man refused to pay him for $50 worth of marijuana. A woman drove up in a Jeep Liberty and attempted to stop the fight, first by honking the horn and then by leaving the Jeep and trying to separate the men. After arguing with her, White forced himself into the Jeep and attempted to flee the area. The woman tried to prevent White from driving away, but he fended her off by biting her hand and face. As he pulled away, he ran over her with the Jeep, causing her serious bodily injuries.

White subsequently turned himself in and pleaded guilty to one count of car-jacking with the intent to cause death or serious bodily injury, in violation of 18 U.S.C. § 2119(2). White and the government agreed to certain stipulations affecting his sentence, but they did not agree on whether he should be sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 because of his two prior felony convictions (the 1994 sexual assault and the 1997 robbery).

The United States Probation Office prepared a presentence investigation report ("PSR") summarizing the details of the car-jacking, White's criminal history and personal background, and the sentencing options available to the District Court. The PSR concluded that the convictions for the 1994 sexual assault and the 1997 robbery were "unrelated cases" for purposes of determining career offender status and recommended that the District Court sentence White as a career offender. The PSR also recommended a three level downward adjustment for acceptance of responsibility and calculated the Guideline range for imprisonment to be 188 to 235 months, based on a total offense level

3

of 31 and a criminal history category of VI.  The Court adopted the PSR's recommendations and sentenced White to 188 months in prison, rejecting his argument that his convictions for sexual assault and robbery should have been counted as only a single conviction because they had been "consolidated for sentencing."  It stated:

> [I]t is my holding, although I realize the Third Circuit has left that issue open, that . . . you do not need, per se, a written order of consolidation. . . . [T]he Court . . . could find a consolidation in a variety of circumstances . . . [and] the factor[s] that would be most significant in such a finding, absent a written order, would be the commonality of circumstances, participants, nature of the offense, some factors that . . . justified putting [them] together.
>     I find none of that here.  I couldn't imagine two more separate crimes here, just about as separate as you can get.

(App. at 26.)  This appeal followed.

## II.

The District Court exercised subject matter jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction to review White's appeal of the sentence imposed upon him pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  Because "the question at issue grows out of, and is bounded by, case-specific detailed factual circumstances," a district court's determination of the relatedness of prior convictions for sentencing purposes is subject to deferential review, *Buford v. United States*, 532 U.S. 59, 65 (2001), which we have interpreted to mean review for "clear error."  *United States v. Zats*, 298 F.3d 182, 185 (3d Cir. 2002).

## III.

The Federal Sentencing Guidelines mandate that a defendant be sentenced as a

4

career offender after having been convicted of "a felony that is either a crime of violence or a controlled substance offense" if the defendant (1) was at least eighteen years old at the time he or she committed the offense leading to the conviction under consideration, and (2) "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. Together, §§ 4A1.1 and 4A1.2 of the Guidelines provide the framework for determining whether multiple prior felony convictions must be counted as a single conviction or as separate convictions for purposes of one's status as a career offender.

Although § 4A1.2 was amended on November 1, 2007 to effect a substantive change, the version of § 4A1.2 in effect at the time of sentencing and its application notes were properly applied. *See* U.S.S.G. § 1B1.11. At the time of sentencing, § 4A1.2 instructed that "[p]rior sentences imposed in unrelated cases are to be counted separately," while "[p]rior sentences imposed in related cases are to be treated as one sentence . . . ." The application notes explained that relatedness was to be determined by a two-part approach. If the sentences "were for offenses that were separated by an intervening arrest," the sentences were unrelated and were counted separately for Guidelines purposes. However, if the offenses underlying the sentences were *not* separated by an arrest, the prior sentences were related if, *inter alia*, "they resulted from offenses that . . . were consolidated for . . . sentencing."[1] U.S.S.G. § 4A1.2 cmt. n.3. The

---

[1] Application Note 3 then stated in full:

application notes did not define the term "consolidated."

**IV.**

It is undisputed that a formal order of consolidation was never entered and that the offenses were not separated by an intervening arrest. Thus, the sole issue for us to decide is whether the District Court clearly erred in concluding that the 1994 sexual assault and the 1997 robbery had not been "functionally consolidated" for sentencing.[2]

In *Buford*, the district court sentenced the defendant as a career offender after finding that four gas station robberies, which the government had conceded were "related" to each other for sentencing purposes, were *not* "related" to a conviction for a drug crime that took place close in time to the robberies. Despite the fact that the defendant had been sentenced for the crimes on the same date, the district court found that the convictions had not been "functionally consolidated" for sentencing because the drug offense was charged in a separate indictment than the robberies, different prosecutors

---

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2 cmt. n.3.

[2] White argues that the offenses were related because they were not separated by an intervening arrest. This argument is without merit. While then-Application Note 3 established a *per se* rule that offenses separated by an intervening arrest are not related, the converse was not automatically true. *United States v. Hayes*, 342 F.3d 385, 388-89 (5th Cir. 2003); *United States v. Goudy*, 78 F.3d 309, 315 (7th Cir. 1996).

handled the two cases, different judges took the pleas, and separate judgments were entered. Applying a deferential standard of review, the Seventh Circuit affirmed. The Supreme Court granted Buford's petition for a writ of certiorari to resolve a circuit split regarding the standard of review of a trial court's determination as to whether a defendant's prior convictions were consolidated for Guidelines purposes. In affirming the Seventh Circuit's application of a deferential standard of review, the Supreme Court stated:

> [T]he district court is in a better position than the appellate court to decide whether a particular set of individual circumstances demonstrates "functional consolidation."
> That is so because a district judge sees many more "consolidations" than does an appellate judge. As a trial judge, a district judge is likely to be more familiar with trial and sentencing practices in general, including consolidation procedures. And as a sentencing judge who must regularly review and classify defendants' criminal histories, a district judge is more likely to be aware of which procedures the relevant state or federal courts typically follow. Experience with trials, sentencing, and consolidations will help that judge draw the proper inferences from the procedural descriptions provided.

532 U.S. at 64-65.

The District Court based its finding of unrelatedness on the absence of a formal order of consolidation combined with the lack of a factual nexus between the two crimes. It declared:

> I do accept to some degree, to a strong degree . . . that commonality of facts, participant circumstances, is the strongest indication you could find, or the strongest indicator of consolidation, particularly when coupled with, that it is the same day, sentencing, the same Judge, and concurrent sentences.
> On the other hand, if I had commonality, real commonality in facts or circumstances, that the sentences were done six months apart, even three

7

months apart, I might then find consolidation under those circumstances.
. . . [I]n this case, I have a sexual assault, and I have a robbery. There is no commonality, other than the defendant who is the participant, there is no other common participants, no common participants. The nature of the crime is different. There is no, in fact, written order of consolidation, which although I don't consider that dispositive, I consider it a factor.

(App. at 24-25.)[3]

Because a formal order of consolidation was never entered, White's two prior felony convictions could only have been considered "related" for Guidelines purposes if they shared a close factual relationship. The District Court examined the circumstances surrounding the two convictions and concluded that they were "just about as separate as you can get." (App. at 26.) We agree with this assessment. It was not clearly erroneous for the District Court to sentence White as a career offender.

## V.

We will affirm the judgment of the District Court.

---

[3] We note in passing that the District Court's approach requiring either a formal order of consolidation or a close factual relationship between the offenses has also been taken by the overwhelming majority of courts of appeal.